BOWLES, Adm'r, Office of Price Administration, v. CHU MANG POO et al.

No. 23183–S.

District Court, N. D. California, S. D.

Feb. 20, 1945.

W. Dunlap Cannon, Jr., Regional Litigation Atty., and W. H. Brunner, Enforcement Atty., both of San Francisco, Cal., for plaintiff.

Leonard J. Bloom and Gregory, Hunt, Melvin & Faulkner, all of San Francisco, Cal., for defendants.

ST. SURE, District Judge.

Plaintiff sues for an injunction and treble damages for alleged acts and practices by defendants constituting violations of section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 904 (a). Defendants have interposed a plea in abatement on the ground that they produced documentary evidence at the request of the Administrator with a specific claim of privilege against self-incrimination as provided for in the Act, 50 U.S.C.A.Appendix § 922(g), and that they may not therefore be subjected to a penalty.

Plaintiffs contend that whether or not a suit by the Administrator is one for a penalty within the purview of the Compulsory Testimony Act, 49 U.S.C.A. §§ 46, 48, defendants were not required to produce the evidence, and therefore no claim of immunity could properly be made.

The stipulation of facts upon which the plea in bar was submitted for decision shows that investigators from the Office of Price Administration called at defendants' place of business and requested an examination and inspection of defendants' records and papers, stating that they were making a check of all the meat jobbers in San Francisco. Phillip Gee, one of the defendants, told the investigators to consult Leonard J. Bloom, their attorney, who had prepared the records theretofore filed by defendants with the Office of Price Administration, concerning the information which the investigators desired. Mr. Bloom told the investigators that he had prepared the records for the Office of Price Administration from information given to him by Mr. Gee, but that all of the actual business records and papers of defendant United Meat Company were kept on the premises of that company. Mr. Bloom told the investigators that they might examine any records that they desired at the company premises on January 5, 1944, and that the defendants claimed all of the privileges against self-incrimination and the immunities contained in the Act. On January 5 Mr. Bloom told the investigators that the records were available but that he wished to serve upon them a document wherein defendants claimed privileges and immunities, before the investigators examined the records. After consulting with their office the investigators stated that they were unable to accept service of the document and left without examining the records. Thereafter the investigators informed Mr. Bloom that the Office of Price Administration would accept service of the document, and after service thereof on one of the investigators an inspection was made of all records covering the meat rationing period. Thereafter a statement was signed by Phillip Gee wherein he again claimed privilege against self-incrimination.

Section 922(g) of 50 U.S.C.A.Appendix provides that: "No person shall be excused from complying with any requirements

under this section [relating to investigations by the Administrator of business records] because of his privilege against self-incrimination, but the immunity provisions of the Compulsory Testimony Act of February 11, 1893 (U.S.C.1934 Edition, Title 49, sec. 46) [pertaining to the Interstate Commerce Commission], shall apply with respect to any individual who specifically claims such privilege." The Administrator is empowered to enforce the provisions of section 922 by subpoena. The Compulsory Testimony Act of 1893 incorporated in section 922(g) did not originally specify that the immunity should extend only to a natural person giving testimony under oath in obedience to a subpoena. In March of 1906 the Illinois District Court, in United States v. Armour & Co., D.C., 142 F. 808, held that the defendants in that case were entitled to immunity although the evidence furnished by them were not in obedience to a subpoena or under oath. This case is relied upon by defendants. However, in June of the same year Congress passed an act "defining the right of immunity of witnesses" under the "Act in relation to testimony before the Interstate Commerce Commission" and three other Acts containing similar provisions for immunity of witnesses, wherein it is provided that under each of said Acts "immunity shall extend only to a natural person who, in obedience to a subpoena, gives testimony under oath or produces evidence, documentary or otherwise, under oath." 34 Stat. 798. While this Act is codified in section 48 of 49 U.S.C.A., which section is not referred to in 50 U.S.C.A.Appendix § 922(g), the provisions of the defining Act declare the intention of Congress as to the scope of and the construction to be placed on the original Act of 1893, and must be read as an integral part of the earlier Act. In the National Labor Relations Act, enacted in 1935, 29 U.S.C.A. § 151 et seq., it is shown that the intention of Congress has not changed in this regard. There the board is given powers of investigation similar to those granted to the Administrator in the Emergency Price Control Act. The powers of the board in this regard are set forth in section 161, 29 U.S.C.A. Section 161(3) provides that: "No person shall be excused * * * from producing * * * evidence in obedience to the subpena of the Board, on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture; but no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence * * *."

Assuming that the present action is one for a penalty, a hardship may be worked, for defendants may be penalized because they were cooperative and not contumacious. It may be that at the trial of the case on the merits, a situation may be presented wherein the court may decide to exclude all or a part of the evidence obtained under the circumstances herein described. But the plea in abatement is based wholly on the Compulsory Testimony Act, Congress has shown a consistent intent that compulsory testimony statutes in legislation involving administrative boards shall apply only when evidence is given under the compulsion of a subpoena, and I am constrained to hold that it did not intend to make an exception of the Emergency Price Control Act.

At the request of the court, the attorneys for the parties have submitted able and thorough briefs on the question of whether or not the action is one for a penalty. This question is squarely presented for decision in another action now under submission to this court. In view of my conclusion that the necessary compulsion for the production of the evidence was not used in this case, it is unnecessary for the court to rule herein on that question and the remaining questions raised in the briefs.

The plea in abatement and motion to dismiss will be denied.