## FREEMAN v. UNITED STATES.
### No. 11262.

Circuit Court of Appeals, Ninth Circuit.
Jan. 25, 1947.

Rehearing Denied March 19, 1947.

Gerald D. Hile, of Seattle, Wash., Samuel Edelstein and O. C. Moore, both of Spokane, Wash., for appellant.

Harvey Erickson, U. S. Atty., and Frank R. Freeman, Asst. U. S. Atty., both of Spokane, Wash., for appellee.

Before GARRECHT, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Pursuant to the filing of a complaint with the United States Commissioner at Spokane, Washington, charging appellant, his brother, and one Lyon with conspiracy to violate a Maximum Price Regulation issued under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., the Commissioner, on December 18, 1945, issued, (1) search warrants authorizing search of the offices of appellant and of Lyon, and, (2) warrants for the arrest of

appellant and Lyon, on the conspiracy charge.

Appellant and his brother operated a clothing store in Lewiston, Idaho. Appellant, an accountant with an office in Spokane, kept some of the records of the store in his Spokane office. Lyon was employed by appellant and his brother to advise on regulations of the Office of Price Administration and to make up and file pricing charts required by said regulations.

The complaint filed with the Commissioner charged a conspiracy to violate Revised Maximum Price Regulation No. 330 in that an agreement to file false price charts listing false and fictitious prices for clothing over and above the ceiling prices for such items was entered into.

On December 10, 1945, a Mrs. Jackson, an O.P.A. investigator, had obtained from appellant the Stock Record Book of the Lewiston store. A record of the cost, selling price, stock number, supplier and date of sale of each item, beginning with the base pricing period of August 1, 1941, was contained in this book. Mrs. Jackson had on the same day been given daily sales reports of the store for 1945; also a miscellaneous group of purchase invoices. These documents were to be returned to appellant upon request. The Stock Record Book was returned on December 18, 1945 just prior to the service of the warrant of arrest upon appellant. Other records previously given to Mrs. Jackson were not returned.

Some conflict appears in the testimony as to the method and the time of the seizure of the records and books in question. The trial court resolving this conflict in favor of the Government made a finding that said records were seized "incident to the lawful arrest of appellant".

The documents seized by the marshal in executing the search warrant on December 18, included the Stock Record Book (which had just been returned to appellant by Mrs. Jackson), purchase invoices, and daily sales slips and copies thereof for the years 1941–45. No consent was given by appellant to the seizure. In fact, the documents taken were listed on the reverse side of the invalid search warrant with the notation, "Received under protest by virtue of the search warrant on the reverse side."

The search warrant and warrant for Lyon's arrest were served at Lyon's office. Copies of the allegedly false pricing charts, the tally sheets used in making up these price charts, and copies of Lyon's correspondence, were seized.

Petitions, (1) to quash the search warrant and for return of all documents seized by virtue of said warrant, including the documents taken from Lyon's office; and, (2) for return of the daily sales reports and miscellaneous purchase orders surrendered by appellant to Mrs. Jackson on December 10, were presented to the court and denied. The District Court held them to be quasi-public records required to be kept under Revised Maximum Price Regulation No. 330, and having been seized incident to an arrest were lawfully in possession of the Government, and also held that being thus lawfully in possession a right to an inspection of the seized records existed, and that appellant's contention that to permit such an inspection would be compelling appellant to furnish evidence which might tend to incriminate him and thus violate his rights under the 4th and 5th Amendments was without merit.

On January 8, appellant moved for an order temporarily restraining the United States attorney from using any of the documents seized by the United States marshal or surrendered to Mrs. Jackson until the entry of a final order on the petitions of appellant to quash the search warrant and return the documents. The motion was denied.

On January 10, a Grand Jury returned an indictment charging appellant with conspiracy to violate the Emergency Price Control Act of 1942. The seized documents constituted the principal evidence on which the Grand Jury acted.

Appellant appeals: (1) from those portions of the order of January 17, which denied the return to appellant, and suppression of, the documents hereinbefore enumerated; and (2) from the order of January 8, denying appellant's motion for an order temporarily restraining the Unit-

ed States attorney from using any of the documents until the entry of a final order.

■ The second phase of the appeal is moot. The acts sought to be restrained have taken place.

■ This court has held that the order of January 17, 1946, denying return of the documents was a final appealable order.[1]

Supporting his contention that the trial court erred in refusing to return the books and documents in question, appellant argues: (1) that the search warrant was invalid; (2) that because the Stock Record Book remained in appellant's office until he posted bond, and thus was no longer under arrest, the seizure of that book was not contemporaneous with the arrest and, hence, invalid; (3) that the Stock Record Book was only evidence of a conspiracy and was not an instrumentality of the crime; (4) that the trial court confused the right to inspect records required to be kept with the right to seize those records; (5) that the documents surrendered to Mrs. Jackson should have been returned by her because she agreed to return them when appellant asked for them; and (6) that appellant had a proprietary interest in the documents seized from Lyon's office, and that those documents also were merely evidence of conspiracy and not instrumentalities of the crime.

The first point needs no consideration. The trial court sustained appellant's contention. Being of the opinion that the third point raised by appellant is well taken it becomes unnecessary to pass upon points 2 and 4.

■ The documents seized by the United States marshal acting under color of a search warrant, subsequently held invalid, were not lawfully taken. These documents, though they be quasi-public, are not instrumentalities of the crime alleged. They were seized as an incident to a lawful arrest but that alone is not sufficient; such seizure, under such circumstances, is only justified if the documents taken constitute instrumentalities of the crime charged.[2]

The crime charged was conspiracy to violate price regulations by agreeing to file false pricing charts. The records seized from appellant's office were the Stock Record Book, copies of sales slips showing sales of clothing by the Lewiston store for the years 1941–45, and purchase order invoices of clothing purchased by the stores in the same years.

Conceding these documents to be of a type required to be kept, and that the allegedly false pricing charts were made up, in part at least, from the Stock Record Book, these factors do not raise such documents to the status of instrumentalities of the crime of conspiracy.[3] They are no more than evidence of the crime. Evidence cannot be taken in a search incident to a lawful arrest. Where conspiracy is the charge the only documents that may be seized are the actual instrumentalities used in the agreement to violate the law.[4] The records taken from appellant's office are not that.

Quasi-public records, not instrumentalities of a crime, may not be taken by Government agents as an incident to a lawful arrest. They may be had only by consent[5] or under lawful process such as a search warrant or subpoena duces tecum.[6]

---

[1] Freeman v. United States, 9 Cir., 160 F.2d 69.

[2] United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 L.Ed. 775; Takahashi v. United States, 143 F.2d 118; Cf. Davis v. United States, 66 S.Ct. 1256, where the gasoline ration coupons, actually the property of the Government and not merely quasi-public records, were involved.

[3] United States v. Lefkowitz, supra; Takahashi v. United States, supra, Note 2; Papani v. United States, 9 Cir., 84 F.2d 160.

[4] Such as the allegedly false price charts filed with OPA which appellant conceded could be said to be instrumentalities of the crime alleged; or the gasoline coupons in Davis v. United States, 66 S.Ct. 1256.

In both Davis v. United States, 66 S.Ct. 1256, and Zap v. United States, 66 S.Ct. 1277, the Supreme Court found consent.

[5] Bowles v. Glick Bros., 9 Cir., 146 F.2d 566, certiorari denied 325 U.S. 877, 65 S.Ct. 1554, 89 L.Ed. 1994; Bowles v. Beatrice Creamery Co., 10 Cir., 146 F.2d 774; Bowles v. Sachnoff, D.C.W.Dist.Pa., 65 F.Supp. 538, 547; Bowles v. Stitzinger, D.C.W.Dist.Pa., 59 F.Supp. 94.

[6] Bowles v. Sachnoff, (Note 5); Bowles v. Amato, D.C.Colo., 60 F.Supp. 361;

There is a salutary reason for such a rule. Had a subpoena been issued for these documents appellant would have had the opportunity to challenge its validity and, if he obeyed it, to gain immunity from later criminal prosecution, based on testimony produced under compulsion of such a subpoena.[7]

"There are cogent reasons why production and inspection should only be compelled by lawful process. Where ' the production is in response to lawful process, the owner of the books and papers is afforded protection by the limitations which the law imposes with respect to lawful process." Bowles v. Beatrice Creamery Co., 10 Cir., 146 F.2d 774, 779.

These documents having been seized without consent and not under lawful process, the Stock Record Book and other documents seized from appellant's office on December 18, by the marshal should be returned.

▮ As to the fifth point, the documents other than the Stock Record Book (which was by her returned to Freeman at the time the search warrant was executed) voluntarily surrendered to Mrs. Jackson were quasi-public documents, and being such she was entitled to retain them because of such voluntary surrender.[8]

▮ As to the sixth point, the evidence discloses that at the time the tally sheets, pricing charts and correspondence were seized from Lyon's office, he was not in appellant's employ. Lyon, named a codefendant in the complaint filed with the United States commissioner on which the search and arrest warrants were issued, and named with appellant in the indictment returned by a Grand Jury on January 10, has not appealed from the trial court's order denying return of these documents; nor has he attacked the validity of the search warrant under which they were seized. Lyon actively cooperated with the United States marshal who executed the search warrant and suggested that the marshal take copies of all correspondence and pick out the letters thought pertinent to this case. The trial court did not err in refusing to return to appellant documents taken from Lyon's office.

The District Court is directed to modify its order so as to direct the return to appellant of the Stock Record Book, all purchase order invoices of clothing purchased by the store for the years 1941–45, and all copies of sales slips showing sales of clothing made by the store for those years.

The order as modified is affirmed.

Bowles v. Beatrice Creamery Co., (Note 5); Cudahy Packing Co. v. Holland, 315 U.S. 357, 364, 62 S.Ct. 651, 86 L.Ed. 895.

[7] 50 U.S.C.A. Appendix, § 922(g). Cf. Bowles v. Chu Mang Poo, D.C.No.Dist. Cal., 58 F.Supp. 841.

[8] Bowles v. Glick Bros., 9 Cir., 146 F. 2d 566, 570–1; Bowles v. Northwest Poultry & Dairy Products Co., 9 Cir., 153 F.2d 32, 34, and cases there cited.