THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN ORTIZ ORTIZ, Defendant and Appellant.

No. 15996. Argued November 1, 1955.—Decided December 12, 1955.

804

 

 

*José Rafael Gelpí* for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant was charged with a violation of Act No. 228 of May 12, 1942 (Sess. Laws, p. 1268), as amended, in connection with Administrative Order No. 228 of March 16, 1953. The information consists of three counts. The first charges that on June 9, 1953, in Mayagüez, Puerto Rico, "he, as owner, sold or caused to be sold to Aniceto Santiago, a rice consumer, one pound of rice of superior quality . . . at fifteen (15) cents a pound, which was higher than the price of fourteen (14) cents authorized for that class of rice by the Administrative Order." The second count refers to another sale of two pounds of rice, of the same quality, made on the same date to another consumer at thirty (30) cents. The third count contains a similar charge concerning another sale of rice made on June 6, 1953.

The defendant was tried and acquitted of the third count and convicted of the first two. On appeal, he charges the trial court with the commission of the following errors:

"First: The lower court erred in finding the defendant guilty of violating Administrative Order No. 228 of March 16, 1953, since such order is unconstitutional.

"Second: The lower court erred in holding that the defendant was not entitled to immunity under Act No. 13 of 1941.

"Third: The lower court erred in finding the defendant guilty on the basis of insufficient evidence."

■■ In the first assignment appellant confines himself to arguing that Administrative Order No. 228 was declared invalid in *Mora* v. *Mejías*, 223 F. 2d 814, and that, therefore, the lower court erred in finding him guilty of violating that order. We disagree. In the *Mora* case it was held that:

"We conclude, therefore, that Administrative Order No. 228 was invalid in so far as it applied to the sale by importers of rice which they had imported at the high prices prevailing after February 25 and until some time in June or July 1953. The order was valid, however, so far as applied to sales of rice which importers had purchased at the lower prices which were in effect on and before February 25 and which they still had on hand on March 16, 1953, and so far as applied to sales of rice which importers purchased at the lower prices which became prevalent in June or July, 1953 and thereafter. The cause must, therefore, be remanded for the granting to the appellants of appropriate relief against the order to the extent that it was invalid."

In the record before us there is no evidence that appellant is one of the rice importers covered by the declaration of nullity of Administrative Order No. 228. On the contrary, the record reveals that he purchased rice in the local market to resell in his commercial establishment. It has not even been suggested, by way of possible defense, that appellant purchased the rice, which he thereafter resold at an excess-price, from one of the importers who imported rice at the high prices prevailing after Februrary 25 through June or July 1953. Therefore, the decision in the *Mora* case is not favorable to him, even assuming that the raising of such defense by appellant were not contrary to the doctrine announced in *Ruiz* v. *District Court*, 71 P.R.R. 358, and *Yakus* v. *U. S.*, 321 U. S. 414.

■ In the second assignment appellant maintains that he is covered by Act No. 13 of April 9, 1941 (Sess. Laws, p. 346), and, hence, that his defense of immunity was improperly dismissed.

The evidence shows that while Sadoth Morales was under investigation for an alleged violation of Administrative Order

No. 228, appellant Ramón Ortiz Ortiz "was brought before the prosecuting attorney by a detective who came to submit a case . . . and that while he was there he testified before Hon. Ricardo Calderón . . . ." The statements then made by appellant were, in substance, that on June 1, 1953, he purchased on credit from J. Morales Díaz (Sadoth Morales) two sacks of long rice and other articles, and that when preparing the invoice Morales asked him for, and the witness paid him, $1.20 over the price of the rice; that on the 8th day of the same month he also purchased on credit from Sadoth Morales three sacks of long rice and other articles, and that the maximum price of each article for the consumer was not shown on the invoice.

In *Batalla* v. *District Court*, 74 P.R.R. 266, we said that the legislative intent in enacting Act No. 13 was:

". . . to furnish a means to compel a witness summoned in a proceeding, prosecution or investigation, to give testimony against a defendant, granting said witness, in return for his testimony, absolute immunity if the testimony should incriminate him," and added, "As to the witnesses summoned in proceedings, prosecutions or investigations the privilege [against self incrimination] has been removed through the guaranty of immunity established in its § 1, which is absolute and, therefore, coextensive with the privilege of which they are deprived."

In this case, however, appellant was not deprived of his privilege against self incrimination. His testimony before prosecuting attorney Calderón does not incriminate him. It does not reveal the elements of the crime imputed, nor the source or the means which could have been employed by the prosecuting attorney to obtain proof of its commission or evidence connecting the defendant with the crime. *Batalla* v. *District Court, supra.* Therefore, the defendant was not covered by Act No. 13. *People* v. *Vázquez Sandoval*, 77 P.R.R. 885.

Furthermore, assuming that the testimony tended to incriminate him, the defense of immunity did not lie. Ap-

pellant appeared before the prosecuting attorney at the request of a detective and voluntarily gave testimony before that officer against Sadoth· Morales, but not in obedience to a subpoena. He cannot allege that he did so under compulsion. Act No. 13 of April 9, 1941. We agree with the *Fiscal* of this Court that under the provisions of § 1 of this Act [1] a formal and valid subpoena is required to compel a witness to testify, pursuant to § 407 *et seq.* of the Code of Criminal Procedure of Puerto Rico, which regulates the compulsory appearance of witnesses at an investigation conducted by the prosecuting attorney. In the absence of a subpoena, the appearance of a witness to testify, as is the case here, would be voluntary under the law and his testimony may be used in any suit against him. *People* v. *Eiseman et al.*, 78 Cal. App. 223; 248 Pac. 716; *People* v. *White*, 124 Cal. App. 548; *Bowles* v. *Chu Mang Poo*, 58 F. Supp. 841; *Sherwin* v. *United States*, 268 U. S. 369; *People* v. *White*, 12 P. 2d 1078; 145 A.L.R. 1416.

In the third assignment appellant maintains that the evidence for the prosecution is insufficient, "since it has not been proved that he made any sales." Again we disagree. The sales were made in his establishment by one of his employees. The fact that appellant did not make the sales

---

[1] That section provides:

"Section 1.—No person shall be prosecuted, punished, or have his property confiscated for testifying or for offering any kind of evidence in a criminal proceeding, process, or investigation, and such immunity shall cover the declarant not only concerning the testimony given by him in regard to the crime being investigated, but also concerning any liability he may have incurred in regard to other crimes; and every person shall be obliged to appear or to testify before a prosecuting attorney, municipal judge, or justice of the peace *when said officials summon him as a witness* in an investigation being made by them; *Provided,* That refusal to appear or to testify shall constitute contempt which shall be punished by the district court of the judicial district where the summons was issued, or where the witness refuses to testify, on complaint filed in said court by the officer in charge of the investigation, in a summary proceeding in which the defendant shall have two days to answer said complaint, making such allegations as he may deem pertinent. The hearing shall be held within the five (5) days following the answer of the defendant." (Italics ·ours.)

personally does not excuse him from liability. *People* v. *Vidal, ante,* p. 71; *United States* v. *Parfait Powder Puff Co.,* 163 F. 2d 1008.

The judgment will be affirmed.

Mr. Justice Negrón Fernández dissented.