UNITED STATES of America
v.
Haskell Archie RUSSIAN.
Cr. No. ——.

United States District Court
D. Connecticut.
Feb. 21, 1961.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., for plaintiff.

Jerome E. Caplan, Rogin, Nassau, Caplan & Lassman, Hartford, Conn., for defendant.

ANDERSON, Chief Judge.

By this motion under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., Haskell A. Russian seeks to suppress certain evidence obtained from him by agents of the Federal Bureau of Investigation on November 30, 1960.

A hearing in this court on January 20, 1961, at which special F.B.I. agent Stiles was the only witness, disclosed the following facts: agents of the F.B.I. received information from one David Emmons, of Putnam, Connecticut, that on October 19, 1960, Russian had sold to

him several contraceptives with unusual attachments after having transported them from Pawtucket, Rhode Island. Emmons subsequently turned these items over to the agents. Thereafter, the agents learned from Emmons that Russian was to make delivery of certain obscene films to Emmons before noon on November 30th. In anticipation of this delivery, special agent Stiles, on November 29, 1960, made out a complaint and presented it to the U. S. Commissioner at Hartford for the purpose of obtaining a warrant for the arrest of Russian. The complaint asserted that it was based upon information obtained by Stiles in the course of his official duties; that Russian's truck bore a Rhode Island registration number, and that Emmons had turned over the five contraceptive items to Stiles. All of this was alleged to have been in violation of 18 U.S.C. § 1465, which prohibits knowingly transporting obscene matter in interstate commerce. On the basis of this complaint the commissioner issued an arrest warrant.

On November 30th, after the special agent had received progress reports by radio from other agents who were shadowing Russian, including a report of Russian's crossing the Rhode Island-Connecticut state line, the agent observed Russian driving his truck into Emmons' gasoline station where it stopped. Agent Stiles entered the rear of the truck just as Russian placed in the hands of an employee of Emmons two canisters of the type commonly used as containers for films. The canisters, with the films in them, were seized. The truck was then searched by the agents of the F.B.I. and certain additional evidence was taken from Russian's possession. All of the evidence so seized on November 30th is the subject of Russian's motion to suppress.

Although at first the Government took the position that the search and seizure were good as incident to a lawful arrest made pursuant to a proper warrant, on January 6th, this court ruled that the complaint, on which the warrant of arrest was based, was inadequate in the light of the standards described in Di Bella v. United States, 2 Cir., 284 F.2d 897, certiorari granted 81 S.Ct. 692 and Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503. The Government now seeks to justify the search as one incident to a lawful arrest without a warrant. The Government claims that the officers, at the time they arrested Russian on November 30th, had reasonable grounds to believe that a felony was being committed by Russian in their presence, that is, knowingly transporting in interstate commerce obscene films for the purpose of sale or distribution. The hearing of January 20, 1961, held by this court, concerned the validity of the arrest without a warrant for a felony committed in the presence of the arresting officers. Agent Stiles, in addition to the facts stated above, also testified that, at the time the arrest was made, the agents thought that the warrant had been validly issued and that they were arresting Russian pursuant to and under its authority. Russian argues that because the warrant was based on the alleged past offense of October 19, 1960, the search conducted on November 30th could not have been incident to a lawful arrest because the officers did not purport to arrest Russian for any offense committed in their presence on the later date.

The subjective state of the arresting officers' minds, however, is not the touchstone of the legality of the arrest because the proper standard is an objective one. Whenever the officers are in possession of an arrest warrant, they doubtless have in mind that they are making the arrest pursuant to that warrant; but the cases demonstrate that even though a warrant may be held invalid by the court many months after the arrest, the Government may justify it by showing that at the time a lawful arrest could have been made without a warrant. In Di Bella, supra, the warrant was found to be invalid, but the

arrest was upheld.[1] "Although Costa [the agent] apparently believed that this warrant was a valid one, yet, even though it was not, the arrest may be justified on the ground that Costa had reasonable grounds to believe that Di Bella had committed a narcotics violation." 284 F.2d at page 903. See also Giordenello v. United States, supra, 357 U.S. at page 488, 78 S.Ct. at page 1251.

▮ Based upon the evidence presented at the January 20th hearing, the court finds that the F.B.I. agents had reasonable grounds to believe that Russian was committing a felony in their presence. This information was more than suspicion, and certainly met the standards of 18 U.S.C. § 3052. The arrest was therefore legal.

▮ Russian's claim that there was no arrest for the November 30th violation is without basis in law.[2] It is true that arrests are usually prompted by acts or events indicating that one or more offenses have been committed. But an arrest is not made for a particular offense in the sense that evidence discovered in a search incidental thereto may be suppressed unless such evidence relates to the offense apparently prompting the arrest. See Charles v. United States, 9 Cir., 278 F.2d 386, certiorari denied 1960, 364 U.S. 831, 81 S.Ct. 46, 5 L.Ed.2d 59. In that case suppression was denied where a package of narcotics had been taken from the possession of the defendant after an arrest pursuant to a warrant charging the threatening of an assault and battery. The Court said:

"It seems to us that a search of the person of the accused, even for the purpose of uncovering evidence of a crime other than that which is charged, is generally incident to a valid arrest. Power over the body of the accused is the essence of his arrest; the two cannot be separated. To say that the police may curtail the liberty of the accused but refrain from impinging upon the sanctity of his pockets except for enumerated reasons is to ignore the custodial duties which devolve upon arresting authorities. Custody must of necessity be asserted initially over whatever the arrested party has in his possession at the time of apprehension. Once the body of the accused is validly subjected to the physical dominion of the law, inspections of his person, regardless of purpose, cannot be deemed unlawful * * * unless they violate the dictates of reason either because of their number or their manner of perpetration." 278 F.2d at pages 388–389.

This reasoning applies with equal force to searches of the immediate vicinity of the arrest. Moreover, the facts of the instant case are somewhat stronger than those in the Charles case, and the court is satisfied that the agents who arrested Russian acted in good faith and without any purpose to detain Russian to gather evidence of unrelated and dissimilar crimes. Both the offense being committed in the agents' presence, and the offense charged in the invalid warrant were violations of 18 U.S.C. § 1465, interstate transportation of obscene matter.

It may be noted that in Di Bella v. United States, supra, the evidence sought

---

1. Di Bella's arrest was upheld because of the arresting officers' own knowledge and information with respect to the same offense as that sought to be charged in the complaint and arrest warrant. In the present case, the Government's argument is not identical since the reasonable grounds claimed by the Government relate not to the October 19, 1960 offense, but to the offense, if any, committed on November 30, 1960.

2. No claim has been made that the arrest was technically deficient in that Russian was not advised by the arresting agents of the nature of the charge against him. Indeed, any such argument is untenable. The cause of an arrest need not be communicated to the person arrested where a felony is being committed in the presence of the arresting officer. See 4 Am.Jur. Arrest § 65; Restatement, Torts § 128(2) & Comment f.

to be suppressed was seized on March 9, 1959, while the offense described in the invalid complaint and arrest warrant was committed, if at all, on September 10, 1958. The Court of Appeals found that reasonable grounds to believe a felony had been committed on September 10, 1958 were present and that this circumstance validated the arrest. It, therefore, refused to suppress the evidence obtained on March 9th. The narcotics violation on March 9, 1959, appeared to be unrelated to the September 10th offense in the sense that each would support a separate charge. Nonetheless, the evidence was not suppressed.

■ Russian further argues that the arrest on November 30, 1960 is invalid because of failure to comply with Rule 5 of the Federal Rules of Criminal Procedure. That Rule provides that "when a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith." Russian claims, and the Government concedes, that no complaint has yet been filed which charges commission of an offense on November 30, 1960. The Commissioner's hearing, held on that date, was not concerned with the alleged offense of November 30th but only the claimed offense of October 19th.

It is difficult to see how an arrest and search, incident thereto, which were valid when made are retroactively invalidated by subsequent events. Rule 5 contains no affirmative statement of the means by which it is to be enforced. It is true, of course, that non-compliance with another portion of Rule 5 has been the basis of a judicially created exclusionary rule of evidence. The so-called McNabb-Mallory doctrine, enunciated in McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, excluding evidence of confessions obtained during illegal detention, was designed as a deterrent to the violation of Rule 5(a)'s requirement that an arrested person shall be presented before

a commissioner "without unnecessary delay." In United States v. Klapholz, 2 Cir., 230 F.2d 494, 498, certiorari denied 1956, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454, that rule was extended to non-confessional evidence. Under that doctrine, evidence is excluded only when obtained during a period of illegal detention. Thus in United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140, where the accused had confessed voluntarily soon after being arrested, but was thereafter illegally detained for an unreasonable period before presentment before a magistrate, the confession was admissible.

"The illegality of Mitchell's detention does not retroactively change the circumstances under which he made the disclosures. These * * were not elicited through illegality. Their admission, therefore, would not be use by the Government of the fruits of wrongdoing by its officers. Being relevant, they could be excluded only as a punitive measure against unrelated wrongdoing by the police. Our duty in shaping rules of evidence relates to the propriety of admitting evidence. This power is not to be used as an indirect mode of disciplining misconduct." 322 U.S. at pages 70–71, 64 S.Ct. at page 898.

Although the Mitchell case was decided under a statute which has since been superseded by Rule 5, the same rationale is applicable. United States v. Carignan, 1951, 342 U.S. 36, 42–43, 72 S.Ct. 97, 96 L.Ed. 48.

The evidence seized on November 30, 1960, is not the fruit of the failure to file a complaint charging an offense on that date nor is it the product of the failure to present evidence to a commissioner concerning such offense. Suppression of this evidence can be justified only as "a punitive measure against unrelated wrongdoing," a rationale eschewed by the Supreme Court in the Mitchell and Carignan cases. Moreover, on the facts of the present case, Rus-

sian has not been prejudiced. The offenses were similar, both being violations of 18 U.S.C. § 1465. A prompt hearing was held by a commissioner at which time Russian was informed of his right to remain silent and his right to retain counsel. In addition, bail was set and Russian was released. The only infraction of Rule 5 was the failure to file a complaint charging a November 30th offense. No harm to the defendant, stemming from this omission, has been claimed or shown.

The motion to suppress is, therefore, denied.