**UNITED STATES of America**
**v.**
**John E. O'DONNELL.**
**Crim. A. No. 62-30.**

United States District Court
D. Maine, S. D.

Oct. 8, 1962.

Alton A. Lessard, U. S. Atty., William E. McKinley, Asst. U. S. Atty., Portland, Me., for plaintiff.

Theodore R. Brownlee, John M. Curley, Portland, Me., for defendant.

GIGNOUX, District Judge.

The defendant has moved the Court pursuant to Fed.R.Crim.P. 41(e), 18 U. S.C. to suppress for use as evidence by the Government a reddish-brown notebook, containing written memoranda, which the defendant contends was unlawfully seized from his person on the night of April 5, 1962 at the Portland Police Headquarters.

A hearing before this Court on October 3, 1962, at which the arresting officer was the only witness, disclosed that the notebook was taken from the defendant's possession while he was in custody at the Portland Police Headquarters following his arrest by an agent of the Federal Alcohol & Tobacco Tax Division of the Internal Revenue Service, pursuant to a warrant of arrest issued upon a complaint charging him with aiding and abetting the possession by others of certain distilling apparatus intended for use in violation of the Internal Revenue Code of 1954. The agent's testimony and his return on the warrant leave no room for doubt that in fact the warrant constituted the basis for the defendant's arrest.

The Government concedes that the complaint upon which the warrant of arrest was based failed to set forth sufficient facts from which a finding of probable cause could properly have been made by the Commissioner, and that the warrant was therefore improperly issued. See Giordenello v. United States, 357 U. S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503

(1958).[1] The Government contends, however, that, despite the invalidity of the warrant, the arrest was proper (and hence the seizure of the notebook incidental to the arrest was lawful) because the arresting agent had probable cause to believe that the defendant had committed one or more felonies.[2] In support of its contention, the Government relies upon Di Bella v. United States, 284 F.2d 897 (2d Cir.1960), reversed on other grounds, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) and Willis v. United States, 106 U.S.App.D.C. 211, 271 F.2d 477 (D.C.Cir.1959), cert. denied, 362 U.S. 964, 80 S.Ct. 881, 4 L.Ed.2d 879 (1960). In each of these cases the court sustained an arrest by officers who had reasonable grounds to believe that a felony had been committed by the defendant, even though the officers purported to act under a warrant which the court found to be defective. See also Giordenello v. United States, supra, 488, 78 S.Ct. 1245 (dictum).[3]

The defendant resists the Government's contention, arguing that the authorities cited by the Government are distinguishable because the offense charged in the instant complaint is only a misdemeanor, which under Maine law cannot support an arrest without warrant on probable cause, and the offenses as to which probable cause is asserted, although felonies, involved violations of sections of the Internal Revenue Code of 1954 other than that charged in the defective complaint.

It is not questioned that this Court must look to the law of Maine in determining the validity of this arrest. United States v. Di Re, 332 U.S. 581, 589–591, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Nor is it disputed that under Maine law an officer may arrest without a warrant for a felony if he has reasonable ground to believe a felony has been committed, but he may arrest without a warrant for a misdemeanor only if committed in his presence. Palmer v. Maine Central R. R. Co., 92 Me. 399, 42 A. 800, 44 L.R.A. 673 (1899). The Court is further satisfied, as defendant insists, that the present complaint can only be read as charging the defendant with aiding and abetting a violation of 26 U.S.C. § 5686(a), which prescribes as punishment a maximum prison term of one year, and is therefore a misdemeanor under federal law, 18 U.S.C. § 1.[4] The Court cannot agree, however, that this arrest cannot be justified apart from the warrant upon a showing by the Government that at the time of the arrest the arresting officers had probable cause to believe that the defendant had committed one or more

---

1. The complaint recited only that it was based upon "information supplied (the complainant) by a confidential informant whose information has proven reliable in the past." .

2. The defendant was subsequently indicted for aiding and abetting a violation of the Internal Revenue Code of 1954, 26 U.S.C. § 5601(a) (7), a felony, and conspiracy to violate various provisions of the Internal Revenue Code of 1954 in violation of 18 U.S.C. § 371, also a felony.

3. In Giordenello, supra, the Supreme Court held that the warrant was invalid and that the issue of probable cause apart from the warrant had not been raised in a timely manner. The court went on to add at p. 488, 78 S.Ct. at p. 1251: "This is not to say, however, that in the event of a new trial the Government may not seek to justify petitioner's arrest without relying on the warrant."

4. The precise charge set forth in the complaint was that the defendant "* * * did aid, abet, counsel, command, induce or procure the commission of an offense against the United States, to wit: the possession by Joseph Alimonte and John Ricci of certain distilling apparatus, to wit: pot, ten mash vats, boiler, pipes and fittings, intended for use in violation of the Internal Revenue Code of 1954, in that, said equipment was used or intended for use in the manufacture of distilled spirits, upon which no taxes were paid or intended to be paid, in violation of 18 U.S.C. § 2." 26 U.S.C. § 5686(a) makes it unlawful "* * * to have or possess any liquor or property intended for use in violating any provision of this chapter * * : *, or which has been so used * * *."

**334**

of the closely related felony violations of the Internal Revenue Code of 1954, for which he was subsequently indicted.

The defendant has cited no case supporting his position.[5] It may be conceded that in Di Bella and Willis the offenses as to which probable cause existed were the same offenses as those sought to be charged in the complaints and warrants. However, in Giordenello the indictment returned against the petitioner did not refer to the crime charged in the complaint, but was based on two related offenses. See Giordenello v. United States, supra, 482, 78 S.Ct. 1245 fn. 1. And in United States v. Russian, 192 F.Supp. 183 (D.Conn.1961), a case closely paralleling the case at bar, an arrest pursuant to a defective warrant charging an offense (transportation of obscene matters for sale or distribution in violation of 18 U.S.C. § 1465) alleged to have been committed some six weeks prior to the arrest, was held to be valid on the ground that at the time of the arrest the defendant was committing a separate violation of the same statute. In reply to the defendant's argument that the arrest could not be supported apart from the warrant because the officers did not purport to arrest him for any offense other than that charged in the warrant, Judge Anderson stated (192 F. Supp. at 184):

> "The subjective state of the arresting officers' minds, however, is not the touchstone of the legality of the arrest because the proper standard is an objective one. Whenever the officers are in possession of an arrest warrant, they doubtless have in mind that they are making the arrest pursuant to that warrant; but

5. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), upon which the defendant relies, is not pertinent to the issue presented here. Likewise, United States v. Di Re, supra, tends to support, rather than to rebut, the position of the Government. See 332 U.S. at 592, 68 S.Ct. at 227.

6. The defendant makes no claim that the arrest was invalid because the arresting

the cases demonstrate that even though a warrant may be held invalid by the court many months after the arrest, the Government may justify it by showing that at the time a lawful arrest could have been made without a warrant."

This Court concurs in the foregoing analysis,[6] and upon a showing by the Government of probable cause sufficient to sustain this arrest apart from the warrant, the motion to suppress will be denied.

officer did not advise the defendant of the nature of the charge against him. In fact, the arresting officer's testimony, which is undisputed, would seem to foreclose any such contention. The officer testified that at the time of the arrest he informed the defendant that he was arresting him "for violation of the Internal Revenue laws," and that the defendant made no further inquiry as to the specific charge against him.