UNITED STATES of America

v.

Johannes LODEWIJKX, a/k/a John Louis and John Lewis, and Pierre Contresty, a/k/a Pierre Scott, Defendants.

United States District Court
S. D. New York.

June 3, 1964.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York for the United States of America, Robert J. McGuire, Asst. U. S. Atty., of counsel.

Abberley, Kooiman, Amon & Marcellino, New York City, for defendant Lodewijkx, Frans J. J. van Heemstra, F. Roberts Blair, New York City, of counsel.

FEINBERG, District Judge.

Defendant, a Dutch national, was arrested in California on February 20, 1964. On February 27, 1964, defendant was transferred to this District and was subsequently indicted for making or causing to be made false statements to the government, 18 U.S.C. § 1001, and for conspiring to violate that section and various provisions of the Export Control Act, 50 App.U.S.C. § 2025 and applicable regulations. Defendant has filed motions to dismiss the indictment, to suppress and return illegally seized evidence, for a bill of particulars, and for discovery and inspection.

*Motion to Dismiss Indictment*

Defendant moves to dismiss the indictment on the grounds that illegally seized evidence may have been presented to the grand jury and because of unreasonable delay in bringing the indictment. Although not conceding that it is required to do so, the government has submitted to the Court a copy of the grand jury testimony of witnesses Henry W. Anderson, Arnoldus Biemans, and Madeleine Contresty, wife of a co-defendant, and has represented that they were the only pre-indictment witnesses before the grand jury.[1] Anderson is employed by the United States Department of Commerce as agent in charge of the Investigations Division, Office of Export Con-

trol. Biemans is a business associate of defendant Lodewijkx's father. I have examined the testimony of these witnesses before the grand jury and conclude that no allegedly illegally seized evidence was presented to the grand jury.[2] Whether, in fact, other evidence was seized illegally is discussed below.

The other basis for defendant's motion to dismiss the indictment is that there was unnecessary delay in presenting the charge to the grand jury. Defendant was arrested in California on February 20, 1964, arrived in New York on February 27, 1964, and was indicted on April 2, 1964. Defendant pleaded not guilty on April 3, 1964. The government explains any delay as due to the international nature of the alleged scheme and the absence from the United States of the co-defendant Contresty. I find that there has been no unnecessary delay in bringing the indictment under the circumstances of this case. Cf. United States v. Kaufman, 311 F.2d 695, 697–698 (2 Cir. 1963); United States v. Fassoulis, 179 F.Supp. 645 (D.C.S.D.N.Y. 1959), aff'd, 293 F.2d 243, 246 (2 Cir.), cert. denied, 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 134 (1961). Accordingly, the motion to dismiss the indictment is denied.

*Motion to Suppress*

Defendant moves for the suppression and return of certain items taken after a search of his room at the time of his arrest and the suppression of all statements made by him after the adjourned proceedings before the United States Commissioner in California. Although no search warrant was obtained by the arresting officers, the search without a warrant may be proper if incident to a lawful arrest. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Ker v. California, 374 U.S. 23, 41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Therefore, the

---

1. Affidavit of Robert J. McGuire.

2. Anderson testified at the hearing on these motions. His testimony before the grand jury and this Court generally did not differ in substance.

Court must decide initially the legality of the arrest.

### (a) *Legality of arrest*

The government first justifies the arrest as made pursuant to a warrant lawfully issued in this District. Defendant claims, however, that the warrant of arrest was improperly issued because the complaint upon which it was based did not show probable cause. Cf. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Di Bella v. United States, 284 F.2d 897 (2 Cir. 1960), vacated on other grounds, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). The government also claims that the arrest was legal because it was proper under the law of the state (California) where the arrest was made. Since I find that the arrest was proper on the second theory, it is unnecessary to deal with the question of whether the underlying complaint was sufficient.[3]

■■ For the purpose of considering the legality of the arrest under state law, it will be assumed that the warrant of arrest was improper as defendant claims. However, even where an arrest is made by federal officials with an improper warrant, or without a warrant and without specific federal statutory authority, the arrest may still be justified if proper under the law of the state where it is made. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948) (no warrant); Ward v. United States, 316 F.2d 113 (9 Cir.), cert. denied, 375 U.S. 862, 84 S.Ct. 132, 11 L.Ed.2d 89 (1963) (no warrant; justified under California law); United States v. Viale, 312 F.2d 595 (2 Cir.), cert. denied, 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199 (1963) (no warrant; justified under state law); United States v. O'Donnell, 209 F.Supp.

332 (D.C.Me.1962) (improper warrant; justified under state law); see Giordenello v. United States, supra.

■■■ Section 837, California Penal Code provides in part that a private person may arrest another without a warrant:

"3. When a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it."

The test of an arrest made by a private person under California law is whether there is reasonable cause to believe that a felony was committed and that the arrested person has committed it. Cf. Willson v. Superior Court, 46 Cal.2d 291, 294 P.2d 36 (Sup.Ct.1956); People v. Rodriguez, 140 Cal.App.2d 865, 296 P.2d 38 (Dist.Ct.App.1956); see generally Comment, 45 Calif.L.Rev. 50 (1957).[4] This test is similar to federal law on what constitutes probable cause for an arrest. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).[5] The Court of Appeals for the Ninth Circuit in Ward v. United States, 316 F.2d 113, 117 (9 Cir.), cert. denied, 375 U.S. 862, 84 S.Ct. 132, 11 L.Ed.2d 89 (1963) has phrased the test of reasonable cause under California laws as follows:

"Would the information and knowledge the arresting person had lead a person of ordinary reasonable judgment, * * * to believe the person to be arrested had committed the felony?"

See also People v. Chatman, 166 Cal.App. 2d 627, 333 P.2d 374, 376–377 (Dist.Ct. App.1958). Defendant argues that he is entitled to a jury trial on the issue of whether "a felony has been in fact committed" and, therefore, this cannot be determined by the Court on a motion to

---

3. It is, therefore, also unnecessary to decide whether, as contended by defendant, a customs agent may not execute a warrant for arrest, see 26 U.S.C. § 7607.

4. These cases interpret § 836(3) of the California Penal Code at the time when that section read substantially the same as § 837(3).

5. Since both tests are similar, no question arises as to the legality of a search incident to an arrest based on state standards less stringent than federal standards. See United States v. Viale, 312 F.2d 595, 600 n. 3 (2 Cir.), cert. denied, 373 U.S. 903, 83 S.Ct. 1291, 10 L. Ed.2d 199 (1963).

suppress. However, the issue on the motion is whether the arresting person had reasonable ground to believe that a felony had been committed and no jury trial is required for that at this time. Willson v. Superior Court, supra.

From the evidence adduced at the hearing, I find that the arresting officers in California were Customs Agents who had been in constant touch with other agents in New York and Canada. At the time of the arrest, from information furnished by other government agents and by a freight forwarder who, while seemingly a member of the conspiracy, was secretly cooperating with the government, the arresting agents had reason to believe the following: defendant Lodewijkx had caused a shipment of spare machine parts to be sent from California to New York; a false shipper's export declaration had been filed with government authorities in New York; a conversation between the freight forwarder and the wife of co-defendant Contresty, the alleged head of a ring to transport goods to Cuba, had taken place in the presence of a government agent at which time arrangements were made for the freight forwarder to meet Contresty; Contresty had contracts to provide goods for Cuba; the freight forwarder had been sent to California by Contresty to meet a man named John Lewis; defendant Lodewijkx, alias John Lewis, personally told the freight forwarder that the goods would be eventually transmitted to Cuba. The movements and trips of the freight forwarder and his information as to when certain shipments would be made had been checked by government agents and found to be as reported by him.

█ On the basis of this, I find that the arresting persons had reasonable cause to believe that there had been committed the felonies of making false shipping export declarations to the government and conspiring to commit that crime and to ship goods to Cuba without a valid export license. It is true that such belief was based in part upon information supplied by an informer, but reasonable cause can be based upon a reliable informer. People v. Chatman, 166 Cal.App.2d 627, 333 P.2d 374, 377 (Dist. Ct.App.1958).[6]

Defendant also argues that even if the agents had ground to arrest under state law, they failed to meet other requirements of state and federal law in carrying out the arrest. Thus, under both California and federal law, the person arrested must be taken before a judicial officer. California Penal Code, § 849; Rule 5, Fed.R.Crim.P. This was clearly done here. Moreover, under both California and federal law, when the arrest is made without a warrant, a complaint must be filed forthwith. Ibid Defendant argues that a complaint should have been filed before the United States Commissioner in California and that this was not done. From the papers before me, I find that a complaint was filed and a warrant of arrest issued in the Southern District of New York on February 20, 1964, and thereafter the arrest in California was made the same day. Defendant was brought that day in California before a United States Commissioner, who was informed of the complaint and warrant of arrest in New York and explained to defendant the charges against him and his right to counsel. A preliminary examination was set down for February 27, 1964, so that defendant could retain counsel with the help of the Netherlands Consulate. Before this hearing could be held, defendant, represented by counsel on February 25, 1964, was taken before the United States District Court, Northern District of California, Southern Division, and agreed to removal of defendant to the Southern District of New York. From the record of this hearing, it appears that there was at that time in Court a copy of the papers filed in New York on February 20, although counsel for defendant,

6. The federal rule is substantially identical. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Smith, 308 F.2d 657 (2 Cir. 1962), cert. denied, 372 U.S. 906, 83 S.Ct. 717, 9 L.Ed.2d 716 (1963).

as well as the Court, were under the mistaken impression that the complaint and warrant issued in New York were an indictment. Defendant, in any event, asked to be removed to New York. The Court in California was solicitous of the rights of defendant, as indicated by the following colloquy with defendant's attorney:

"THE COURT: You are satisfied, in view of the fact that the defendant is not a national—he perhaps knows this country very well, but he is not a national and I was very anxious to have the Consulate here to make sure this defendant was accorded every safeguard to his rights, and you're satisfied that has been done, are you?

"MR. HUNTER: Your Honor, in this regard, I have discussed this matter very thoroughly with the Dutch Consul here, who is now present here in court, and that is correct.

"THE COURT: All right. Then a removal order, if necessary, will be prepared, or if that is unnecessary, the defendant may accordingly be removed to New York. * * * "

■■ Thus, it appears that defendant was informed by a judicial officer of the nature of the charges against him and of his right to counsel on the day he was arrested,[7] that a copy of the papers filed in New York was available in court at a removal hearing, that defendant, as a result of that hearing, was removed from California at his own request before the date of the adjourned hearing fixed by the Commissioner, which hearing had been adjourned to allow defendant to retain counsel. Under these circumstances, I do not find that there was non-compliance with the Rules to the prejudice of defendant. Cf. Di Bella v. United States, 284 F.2d 897, 903 (2 Cir. 1960), vacated on other grounds, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). Moreover, since the grand jury indicted defendant on April 2, 1964, before determination of any issues raised by the hearing before the Commissioner, there was no further need for a complaint and preliminary hearing before the Commissioner. United States v. Universita, 192 F.Supp. 154 (D.C.S.D.N.Y.1961); United States v. Brace, 192 F.Supp. 714 (D.C. Md.1961); Boone v. United States, 185 F.Supp. 411 (D.C.W.D.Ky.1959), aff'd, 280 F.2d 911 (6 Cir. 1960). See additionally, United States v. Russian, 192 F. Supp. 183, 186 (D.C.Conn.1961). I find that defendant's other contentions regarding the illegality of the arrest are similarly without merit.

(b) *Legality of search*

■ A search was made by the arresting persons of the room in which defendant was arrested. A search may be conducted if incident to a lawful arrest made without an arrest warrant. Preston v. United States, 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964); Ker v. California, 374 U.S. 23, 41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Such a search is lawful even though the arrest is made by a private citizen. United States v. Viale, 312 F.2d 595, 600 (2 Cir.), cert. denied, 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199 (1963).

Defendant argues, citing Preston v. United States, supra, that the search of his hotel room was illegal because he was under arrest at the time of the search and, in any event, the items seized were improper. The arrest was made in defendant's hotel suite, one large rectangular room with attached bath. A search was made of the entire room. During the course of this search, there was a discussion between the agents and defendant as to the nature of documents found in a brown brief bag. The documents and articles contained in this bag were segregated into personal items and "business documents." The latter were seized.

■ No contention is made by defendant that the area searched was unreasonable. Defendant's first argument that a search after an arrest has been made is illegal appears to be based on a

---

7. Affidavit of Cameron W. Wolfe.

misreading of Preston v. United States, supra. In Preston, officers searched without a warrant a car in which alleged vagrants were arrested. The search, through which burglary tools were discovered, was made after the defendants were already booked at the police station and the car was in police custody at a garage. The Court held the search illegal, because "[o]nce an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." Preston v. United States, supra, 376 U.S. at 367, 84 S.Ct. at 883. The present case is far different since the search was made directly after the arrest and defendant was present at the time of the search. A search in such circumstances has been upheld many times. See e. g., Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

Although a search is validly made as incidental to a lawful arrest, the items which may be seized are limited to such things as the means and instrumentalities of the crime, fruits of the crime, weapons, and contraband. Harris v. United States, 331 U.S. at 154, 67 S.Ct. 1098. The crimes for which defendant was arrested were making, or causing to be made, false statements to the government, and conspiring to commit that crime and to export material to Cuba without a proper export license. The government has already voluntarily returned to defendant some of the items seized, and has submitted to the Court the remaining items, contending that these were properly taken.

■ In United States v. Stern, 225 F.Supp. 187, 192 (D.C.S.D.N.Y.1964), Judge Bryan, after a thorough analysis of the cases, stated that:

"Not every article that plays some part in the commission of the alleged crime is a means of committing it in this sense. Although it is not necessary that the crime alleged could not have been committed but for the use of the article seized, after a consideration of all the circumstances it must appear that the article played a *significant* role in the commission of the crime alleged."

It is clear that all documents prepared, sent to, or received by defendant in connection with specific illegal shipments from the United States are properly subject to seizure. See Takahashi v. United States, 143 F.2d 118 (9 Cir. 1944); United States v. Poller, 43 F.2d 911, 913 (2 Cir. 1930). This would include invoices for the shipments of goods from the United States consigned to a French firm. On the other hand, price list catalogues of various heavy machinery manufacturers, and telephone "While you were out" slips, are not means or instruments of the crimes for which defendant was arrested. See Freeman v. United States, 160 F.2d 72, 74 (9 Cir. 1947); Takahashi v. United States, supra. Rather these items are evidentiary material, not subject to seizure. United States v. Stern, supra.

■ However, as to some of the items turned over to the Court, it is impossible to determine their exact nature without further information, e. g., various foreign language documents, unidentified adding machine tapes, typewritten lists of machine parts. In view of this as well as defendant's incarceration [8] awaiting disposition of this motion and subsequent trial, the parties are directed to consult further, in the light of this opinion, to see if agreement can be reached as to whether the remaining items should be returned to defendant. Any items remaining in dispute should be ruled on by the trial judge if sought to be introduced.[9]

(c) *Eavesdropping and admissions*

Defendant also moves to suppress (1) any evidence which the government may

8. Defendant has not made bail.

9. There is no prejudice to the United States in allowing defendant to see the

have gathered by use of electronic listening devices and (2) any statements of defendant after his appearance before the United States Commissioner made to government officials without the presence of counsel. The government admits that federal agents concealed listening devices in defendant's rooms in two hotels during defendant's stays in these respective places. In the first hotel, the agents entered defendant's room in order to plant the device. The government states [10] that no recordings were made of any conversations of defendant during his residence at this hotel, but that Agent Diaz overheard defendant, by means of this listening device, in certain conversations and a telephone call. The government also states that Agent Diaz will not be called at trial to prove these conversations, but that it will rely on the testimony of the freight forwarder who was a party to the conversations. See Lopez v. United States, 373 U.S. 427, 437, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

In the second hotel, the device used to overhear defendant's conversations was a microphone placed in an electrical outlet located in the party wall between defendant's room and an adjacent room in the hotel. Two tape recordings were made of certain conversations. From the facts set forth in the affidavits, it is impossible to tell, without fuller details as to the location of this device, whether its use comes within the rule of Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961), which prohibits use at trial of evidence obtained by a listening device which has been physically placed by a trespass in a constitutionally protected area. See United States v.

Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Lanza v. New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962).

■ As indicated above, trial in this matter should be expedited. Under the circumstances, it would appear a wise exercise of discretion to allow these matters to be disposed of by the trial judge, who can take further evidence, if this appears to be necessary, as to the placing of the microphone in the second hotel and who can listen to the tape recordings to determine their admissibility, if offered, and whether they "tainted" other evidence.[11]

Rulings on statements or admissions made to government officials without presence of counsel should be deferred also for the trial judge, not only for the above reasons, see also, United States v. Klapholz, 230 F.2d 494 (2 Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956), but also to allow further briefing and consideration of the issues raised in light of the recent decision in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); see also United States v. Curry, 227 F.Supp. 773 (D.C.E.D.N.Y.1963).

### Bill of Particulars

Defendant moves under Rule 7(f), Fed. R.Crim.P. for a bill of particulars. The applicable principles are set forth in United States v. Cimino, 31 F.R.D. 277 (D.C. S.D.N.Y.1962), aff'd, 321 F.2d 509 (2 Cir. 1963), cert. denied, 375 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 418 (1964); United States v. Simon, 30 F.R.D. 53 (D.C.S.D.N.Y.1962); United States v. Lieberman, 15 F.R.D. 278 (D.C.S.D.N.Y. 1953). The government consents in part to defendant's motion and opposes other

---

seized materials, since the United States has consented to allow defendant to copy under Rule 16, Fed.R.Crim.P., all retained items.

10. Affidavit of Robert J. McGuire, paras. 22–24.

11. In connection with the hearing on the legality of defendant's arrest, defendant argues that any evidence offered by Agent Kempton is inadmissible because it is

"tainted" by the illegal eavesdropping. Defendant's Memorandum of Law on Affidavit in Opposition and Hearing, p. 12. However, the testimony of Agent Kempton on its face did not disclose any reason to believe that his information came from a forbidden source and defendant did not object to his testimony on this ground and did not attempt to elicit whether the source of his information was eavesdropping.

parts. As to item 1, the government has furnished the information it has, and this is sufficient. As to item 2, the information furnished by the government is sufficient. Items 3, 5, 6, 7, 8, 9, 10, 12, 16, and 20 are denied. Item 4 is consented to in part and is otherwise denied. Items 11, 13, 14, 15, 17, 18, 19, 21, and 22 are consented to.

### Discovery under Rule 16

The government consents to defendant's motion for the inspection and copying of all items of property, not ordered to be returned by the Court, seized by government officials while arresting defendant.

Accordingly, defendant's motion to dismiss the indictment is denied; the motion to suppress is granted in part and denied in part; the motion for a bill of particulars is granted in part and denied in part; and the motion under Rule 16 is granted.