**JAMES et al. v. LAWRENCE.**
**No. 10159.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 14, 1949.

Decided March 15, 1949.

Messrs. Henry Lincoln Johnson, Jr., and Curtis P. Mitchell for appellants.

Mr. Charles B. Murray, Asst. U. S. Atty., for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PRETTY-MAN, Circuit Judges.

STEPHENS, Chief Judge.

This is an appeal from an order denying a motion of the appellants to require the appellee, as United States Commissioner, to show cause why he should not proceed with a preliminary hearing in the case of United States v. Stance James and Oliver James (the appellants), or in the alternative, discharge them and return to them certain property seized under search warrant.

The order was entered after a hearing held by the District Court upon a complaint and motion filed by the appellants and upon an "opposition" filed by the Commissioner. By stipulation of the parties through their respective counsel, briefs were waived and the appeal was presented for summary disposition by this court solely upon the record and the oral argument.

The facts, which are without dispute, are as follows: On or about February 20, 1949, complaint was made under oath before the Commissioner, charging that the appellants and one Singleton had, on or about January 23 of the same year, during the night time entered a dwelling in the District of Columbia and stolen therefrom money in the sum of $60,000.00 and jewelry valued at approximately $4,000.00. Upon the basis of such complaint and of affidavits made before him, the Commissioner issued a warrant to search certain premises known as 1600 A Street, S. E., in the District. On February 20, a return on this warrant, made by the Chief Deputy United States Marshal for the District, reported that, under au-

thority of the warrant, a revolver, various articles of jewelry, certain gold coins and other articles, including approximately $4,-654.00 in money, had been seized from the premises described which were represented as being those of the appellant Oliver James. In addition to the search warrant the Commissioner issued warrants of arrest for the appellants and Singleton. These warrants were based upon affidavits accusing them jointly of committing the entering and larceny referred to.

At about 2:00 p. m., of February 20, which was a Sunday, the appellants were brought before the Commissioner by virtue of the warrants of arrest. They were represented by counsel, who, in their behalf, demanded that the preliminary examination provided for by Rule 5, Federal Rules of Criminal Procedure, 18 U.S.C.A., be held at that time. Counsel for the United States, however, upon the ground that additional time was needed for the procurement of necessary witnesses and testimony, requested a continuance until March 10. The Commissioner granted this continuance. Bond was then fixed in the sum of $7,500.00 and on February 23, 1949, the appellants furnished bond and were released and are now at large on bond. On March 10 the appellants and their counsel appeared before the Commissioner ready for the preliminary examination set for that date. The United States attorney requested that the examination be further postponed upon the ground that the evidence concerning the offenses charged against the appellants had been submitted to the grand jury and that that body had not yet reported its findings. The appellants objected to the continuance thus sought, but the Commissioner nevertheless continued the examination until March 17, 1949, upon the condition, however, that it should be held on that date unless before then the grand jury had reported its findings. On March 11 the appellants filed their complaint and motion in the District Court and on the same day the "opposition" was filed and a hearing held on the complaint, motion, and opposition, and the order appealed from was entered.

Rule 5, Federal Rules of Criminal Procedure, provides:

(a) APPEARANCE BEFORE THE COMMISSIONER. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith.

(b) STATEMENT BY THE COMMISSIONER. The commissioner shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The commissioner shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided in these rules.

(c) PRELIMINARY EXAMINATION. The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him.

The sole question before this court is whether or not in view of the facts and in view of the terms of the rule the District Court erred in refusing to require the Commissioner to show cause why he should not proceed with the preliminary examination or in the alternative discharge the appellants and return the seized property. In effect the ruling of the District Court was that the Commissioner's action in granting the continuances under the circumstances

and condition described did not deny the right of the appellants to a preliminary examination within "a reasonable time." We think it cannot be said that it did.

As to the first continuance from February 20 to March 10: The Commissioner, in determining what is a reasonable time within which to accord arrested persons a preliminary examination, must necessarily consider time reasonably required for preparation by either the arrested persons or the United States. It cannot be said that eighteen days as such was an unreasonable time to allow to the United States to prepare to present to the Commissioner its case against the appellants. There is nothing to show that the United States was not in good faith in representing that time as necessary—nothing to show that it could have prepared in a lesser time. The Commissioner was advised as to the nature of the case by the verified complaint filed before him and the return of the Deputy Marshal under the search warrant.

As to the second continuance from March 10 to March 17 upon the condition that the preliminary examination would be held on the latter date unless before then the grand jury had reported its findings: This again cannot be said to have been a denial of the appellants' right to a preliminary examination within a reasonable time. At the time the appellants' motion was presented to the District Court there were but six days left before the preliminary examination would be held unless in the meantime the grand jury had reported its findings. If in the meantime a bill in respect of the appellants was returned endorsed "Not Found" or "Ignoramus," the appellants would in the usual course be discharged. On the other hand, if a "True Bill" was returned, the preliminary examination would be unnecessary. The appellants were, moreover, at large on bond. Under the circumstances the additional continuance was not a denial of the appellants' right under Rule 5.

The order of the District Court is

Affirmed.