87 F.Supp. 436 (1949)
UNITED STATES
v.
GRAY et al.
Cr. Nos. 1665-49, 1669-49, 1670-49, 1675-1682-49.
United States District Court District of Columbia.
December 16, 1949.
*437 Curtis P. Mitchell, of Washington, D. C., for the defendants, for the motion.
George Morris Fay, United States Attorney, and C. Frank Reifsnyder, Assistant United States Attorney, both of Washington, D. C., opposed.
HOLTZOFF, District Judge.
The defendant moves to dismiss the indictment on the ground that he was deprived of a preliminary hearing before the United States Commissioner by reason of the fact that the Commissioner continued the hearing at the Government's request on more than one occasion, and in the meantime the United States Attorney presented the matter to the Grand Jury which found the indictment that is the subject matter of this motion.
First, it should be observed that the Grand Jury has a right to find an indictment against any person against whom sufficient evidence is presented to it. The Grand Jury is not limited to considering cases of only those persons who have been bound over to the Grand Jury by a committing magistrate. Consequently, the Grand Jury had a right to hear the evidence presented against this defendant and find the indictment against him, irrespective of whether a preliminary hearing had or had not been held. Even if there had been any violation of the defendant's rights in respect to a preliminary hearing, this circumstance would not constitute a ground for dismissal of the indictment.
Second, the Court is of the opinion that no right of the defendant has been violated. As stated before, the Grand Jury has a right to find an indictment against a defendant who has had no preliminary hearing before a committing magistrate. The Grand Jury may initiate a case on its own motion. Suppose, for example, the defendant never had been arrested. He would have no hearing before the United States Commissioner or other committing magistrate. Yet the Grand Jury might find an indictment against him on evidence presented to it by the United States Attorney. Many prosecutions are initiated by presentation of evidence before a Grand Jury.
The real purpose of a preliminary hearing is to prevent a person from being held in custody without a prompt hearing. In this case the defendants were not in custody. The defendants had been given bail.
*438 The Commissioner is a judicial officer. He has a right, for good cause shown, to grant a continuance of a hearing, either at the request of Government counsel or at the request of the defense. The fact that the hearing is continued does not bar the United States Attorney from proceeding before the Grand Jury in the meantime and if the Grand Jury finds an indictment, no purpose remains for conducting the preliminary hearing before the committing magistrate.
The Court is of the opinion, therefore, that no right of the defendant has been violated by reason of the fact that the hearing before the Commissioner was continued and in the meantime the indictment was found by the Grand Jury.
Motion to dismiss the indictment is denied.