**UNITED STATES of America,**

v.

**William VASQUEZ, Defendant.**

United States District Court
S. D. New York.

Feb. 21, 1958.

Paul W. Williams, U. S. Atty., S. D. New York, New York City, James R. Lunney, Asst. U. S. Atty., New York City, of counsel, for the United States.

Theodore Krieger, New York City, for defendant.

WEINFELD, District Judge.

█ The defendant's motion to dismiss the indictment or in the alternative granting an inspection of the Grand Jury minutes because of failure to proceed with the hearing of the complaint before the United States Commissioner, is denied. There is no requirement that having initiated the prosecution by means of a complaint pursuant to Rule 5 of the Federal Rules of Criminal Procedure, the Government must proceed with the hearing before presenting evidence to the Grand Jury.

█ The defendant's motion for a bill of particulars is granted to the following extent.

1. Set forth the date when it is alleged the defendant committed the crime charged.

2. Set forth the place where it is alleged defendant committed the crime charged.

3. State the name of the person or persons to whom it will be claimed the defendant sold or transferred the narcotic drug.

4. Whether such person or persons were at the time of the alleged sale or transfer directly or indirectly in the employ of the Government.

5. Whether such person or persons were acting at the instance of the Government at the time of the alleged sale or transfer.

Cf. United States of America v. Wing et al., No. C 154–309, decided February 4, 1958; Roviaro v. U. S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.