John LLOYD, Appellant,

v.

UNITED STATES of America,
Appellee,

No. 14003.

United States Court of Appeals
District of Columbia Circuit.

Submitted June 20, 1958.

Decided July 2, 1958.

Petition for Rehearing In Banc Denied
Sept. 12, 1958.

Statement of Circuit Judge Bazelon in
Relation to Petition for Rehearing
In Banc.
Oct. 7, 1958.

Mr. Jack Marshall Stark, Asst. U. S. Atty., submitted on the brief for appellee. Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Harold H. Titus, Jr., and Harold D. Rhynedance, Jr., Washington, D. C., were on the brief for appellee.

July 2, 1958.

Before FAHY, Circuit Judge, HASTIE, Circuit Judge of the Third Circuit,* and DANAHER, Circuit Judge.

PER CURIAM.

The District Court, Judge McLaughlin sitting, found appellant guilty of violations of the federal narcotic laws.[1] Trial by jury had been waived. From the ensuing judgment appellant appeals. We find no prejudicial error. The judgment accordingly is

Affirmed.

Sept. 12, 1958

Before EDGERTON, Chief Judge, PRETTYMAN, WILBUR K. MILLER, BAZELON,

FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges, in Chambers.

Order

PER CURIAM.

Upon consideration of appellant's petition for a rehearing in banc, it is

Ordered by the court that the aforesaid petition be, and it is hereby, denied.

Oct. 7, 1958.

Statement of Circuit Judge BAZELON, in which Chief Judge EDGERTON and Circuit Judge WASHINGTON join, in relation to Petition for Rehearing in Banc.

In considering this petition for rehearing in banc, I found that the record clearly discloses a serious violation of Lloyd's statutory and constitutional rights. After his arrest under warrant on January 30, 1957, Lloyd was detained nearly six weeks without preliminary examination. Although he was taken promptly before a United States Commissioner, a series of continuances, neither sought nor desired by the accused, accomplished the postponement of preliminary examination for more than a month. Then, on March 4, a grand jury indicted Lloyd. Thereafter, on March 12, the Commissioner dismissed the pending matter of preliminary examination, ruling that the accused was then lawfully detained pursuant to the indictment of March 4.

Lloyd was properly tried and convicted. For this reason there is nothing in issue on this appeal which depends upon the legality or illegality of the detention between arrest and indictment. But neither affirmance of the judgment below nor denial of the present petition for re-

---

* Sitting by designation pursuant to the provisions of Section 291(a), Title 28 U.S.Code.

1. 35 Stat. 614, as amended, 21 U.S.C. § 174, 21 U.S.C.A. § 174 (Supp. V, 1958); 68A Stat. 550, 26 U.S.C. § 4704(a) (Supp. V, 1958); 68A Stat. 551, 26 U.S.C. § 4705(a) (Supp. V, 1958).

hearing implies condonation of such delay in preliminary examination as this record reveals.

Rule 5(c), Fed.R.Crim.P., 18 U.S.C.A., requires a United States Commissioner, unless preliminary examination is waived, to proceed with this important inquiry and hearing "within a reasonable time." And the purpose of preliminary hearing is such that "a reasonable time" must be a short time. In James v. Lawrence, 1949, 84 U.S.App.D.C. 355, 176 F.2d 18, this court did not condemn a delay of four weeks in completing preliminary examination. But in that case the arrested person had been released from custody, on bail set by the Commissioner, the very day of his arrest. With the accused thus at large the Commissioner granted the Government a continuance of the hearing. In the present case the prisoner remained in jail some five weeks without either the Commissioner or a grand jury passing upon the sufficiency of the evidence to warrant detention. It is true that the original arrest was pursuant to a proper warrant. But an ex parte complaint which justifies issuance of a warrant may prove groundless or unsubstantial when the accused has an opportunity to present evidence on preliminary examination. An arrested person should not be deprived of the opportunity for speedy vindication by long or repeated continuance of the preliminary hearing. If the prosecution has not sufficient proof for a showing of probable cause, this deficiency emphasizes the gross impropriety of holding the suspect in jail while the Government looks for evidence which may justify his detention.

An arrested person ordinarily stays in jail only because he lacks the funds or friends necessary to obtain freedom on bail. The same lack—often coupled with ignorance of the law—also makes it a practical impossibility to obtain freedom by habeas corpus on the ground that there has been no hearing on the existence of probable cause for arrest, even though a case for such relief exists. D. C.Code, § 16–806. It is unchallenged in our philosophy that no person should be deprived of his liberty without due process of law. Yet persons like petitioner are set apart, by such devices as we see in this case, as a class whose rights to due process may be violated with impunity.