**Roy Levi BOONE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Cr. A. No. 24879.

United States District Court
W. D. Kentucky,
at Louisville.

June 8, 1959.

A. J. Slaughter, Louisville, Ky., for Roy Levi Boone.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for United States.

SHELBOURNE, District Judge.

On March 12, 1959, the petitioner, Roy Levi Boone, filed his motion under Section 2255 of Title 28 United States Code, seeking to vacate and set aside a judgment of conviction and sentence imposed in this Court on October 25, 1959. The petitioner's grounds are (1) that he was denied a preliminary hearing before the United States Commissioner and (2) that he was deprived of the effective assistance of counsel.

As to the first contention, the record shows that a preliminary hearing was

requested and set for April 10, 1957, following the petitioner's arrest and arraignment before the Commissioner on March 29, 1957. Because of the absence of a material witness, the preliminary hearing was postponed to May 10, 1957, and at that time the hearing was further postponed to October 7, 1957, also because of the absence of a material witness. Prior to the last named date, the case was submitted to the grand jury and an indictment was returned. On October 7, 1957, the petitioner was arraigned in the United State District Court at Louisville; he entered a plea of not guilty to each of the two counts of the indictment and his trial was set for October 22, 1957. On petitioner's trial the jury returned a verdict finding him guilty, and a sentence of ten years was imposed on each of the two counts, the sentences to run concurrently each with the other. On December 4, 1957, the concurrent sentences were reduced to eight years, which he is now serving. At all times the petitioner was represented by counsel employed by him.

■■ The petitioner speaks of his constitutional right to a preliminary hearing before the Commissioner but cites no clause of the Constitution providing for such a hearing and offers no authorities in support of his contention. The only purpose served by a preliminary hearing is to determine whether there is sufficient evidence to warrant a defendant being held in custody or on bond to await the action of a grand jury. No necessity for a preliminary hearing exists after a grand jury acts and returns an indictment. See Barber v. United States, 4 Cir., 142 F.2d 805; Garrison v. Johnston, 9 Cir., 104 F.2d 128; James v. Lawrence, 84 U.S.App. D.C. 355, 176 F.2d 18; United States v. Heideman, D.C., 21 F.R.D. 335.

■ The petitioner's second contention that he did not have the effective assistance of counsel is something, if true, for which petitioner alone is to blame. He employed an experienced lawyer who has appeared in criminal cases in this Court many times. There

was no complaint at the time of the trial or afterwards, until the present motion, that counsel was not entirely satisfactory. Why a litigant should blame the Court for his mistake in employing some particular lawyer is hardly understandable. As far as the Court could observe, petitioner's counsel rendered effective service.

The petitioner's motion is denied.