**UNITED STATES of America,**

v.

**Sebastian Della UNIVERSITA, Petitioner.**

United States District Court
S. D. New York.
March 24, 1961.

Morton S. Robson, U. S. Atty., for the Southern District of New York, New York City, for the United States. Irving Younger, Asst. U. S. Atty., New York City, of counsel.

Sebastian Della Universita, pro se.

MacMAHON, District Judge.

This is a petition for a writ of habeas corpus by a prisoner held in the Federal House of Detention.

Petitioner was arrested on February 21, 1961, pursuant to a complaint alleging violations of Sections 472 and 2 of Title 18 U.S.C.A. (uttering counterfeit obligations or securities). On February 23, 1961, he was brought before the United States Commissioner and advised of his rights. Petitioner did not waive a preliminary examination but requested a hearing. Petitioner assented to the government's request for a two-week postponement, and the hearing was set down for March 9, 1961. He failed to post bail, which was fixed at $20,000, and was committed.

While the petitioner was still in custody, the government obtained an *ex parte* adjournment, without the knowledge of petitioner, and presented the matter to the grand jury which found and returned an indictment on March 15. In the meantime, on March 15, petitioner applied for a writ of habeas corpus which was issued on March 16. The writ was returned on March 20, 1961.

Meanwhile, on March 17, 1961, petitioner was brought before the court for the purpose of pleading to the indictment. At that time, he refused assigned counsel, stated that he was without funds and desired to represent himself. The court directed the entry of a plea of not guilty in his behalf, and bail in the amount fixed by the Commissioner was continued.

■ Petitioner grounds his application for the writ of habeas corpus on the denial of a preliminary examination before the Commissioner, as required by Rule 5(c), Federal Rules of Criminal Procedure, 18 U.S.C.A. There is no doubt that petitioner was denied a preliminary examination before the Commissioner. The action of the grand jury during the interim of the postponement, however, superseded and eliminated the need for a preliminary examination.

The purpose of a preliminary examination is to enable the Commissioner to determine from the evidence whether there is probable cause to believe that an offense has been committed by the defendant so as to warrant holding him in custody or on bond to await the action of a grand jury. Thus, the reason for such a preliminary examination ceases to exist once a grand jury has acted and returned an indictment against the defendant. Boone v. United States, D.C.W.D.Ky.1959, 185 F.Supp. 411, affirmed 6 Cir., 1960, 280 F.2d 911; United States v. Gray, D.C.D.C.1949, 87 F.Supp. 436.

Petitioner complains of the fact that he had no notice that the United States Attorney had requested an adjournment of the date set for the preliminary examination or that the Commissioner had granted one. Plainly, the government has the right to an adjournment for a reasonable time in order to give the government an opportunity to prepare for the preliminary examination. James v. Lawrence, 1949, 84 U.S. App.D.C. 355, 176 F.2d 18. But it is equally plain, however, that a defendant is entitled to a determination of the issue of probable cause as quickly as possible under all the circumstances, especially where, as here, he is held in custody for three weeks without a determination of probable cause. At the very least, he was entitled to be notified of the government's request for an adjournment of a hearing bearing so directly on his liberty.

The cases relied on by the government to justify its unilateral action, James v. Lawrence, supra and United States v. Gray, supra, where the defendants were free on bail, do not sanction that practice here where the petitioner was in jail. A defendant free on bail is unhampered in the exercise of his right to retain counsel and to prepare his defense. One in custody, although allowed to consult counsel, suffers nevertheless under many practical handicaps to the exercise of these fundamental rights.

The government advances no reason whatever either for the delay or the failure to notify petitioner of the adjournment. This is not surprising for in a relatively simple case like this one, there is no apparent reason for delay especially when, in this district, both the Commissioner and the grand jury are available five days a week. Under the circumstances, therefore, it was unreasonable to expand the delay *ex parte* and hold petitioner in custody for three weeks without any determination whatever on the issue of probable cause in the face of his express request for a preliminary examination and the plain direction of Rule 5(c) to hold such a hearing within a reasonable time.

Despite unreasonable delay and although, in my view, a writ of habeas corpus would have been appropriate during the expanded period, the action of the grand jury fully satisfies the requirement of the rule and supplies a legal basis for petitioner's present confinement. Its adjudication, implicit in the indictment, that there is probable cause to hold petitioner should stand. As a result, petitioner is now in lawful custody and is not entitled to be released on a writ of habeas corpus. Cf., United States ex rel. Buono v. Kenton, 2 Cir., 287 F.2d 534.

Accordingly, the petition is denied. So ordered.