714

**UNITED STATES of America**

v.

**Ernest Cary BRACE.**

**Crim. No. 25508.**

United States District Court
D. Maryland.

March 29, 1961.

Leon H. A. Pierson, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Edward A. Dragon and Sperling & Dragon, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Defendant is indicted for wilfully injuring and committing depredation in excess of $100 against a North American T28–B aircraft, property of the United States Marine Corps. 18 U.S.C.A. § 1361. He has moved to dismiss the indictment or in the alternative to inspect the minutes of the grand jury, alleging that he has been denied a preliminary hearing, non-confrontation of witnesses and denial of examination of witnesses, in violation of the Fifth and Sixth Amendments and of Rule 5(b) and (c) and Rule 40(a), F.R.Crim.P., 18 U.S.C.A.

Facts

On February 6, 1961, a complaint was made before a United States Commissioner at Salisbury, Maryland, charging the defendant with a violation of 18 U.S.C.A. § 1361, and the Commissioner issued a warrant there. On the same day defendant was arrested at Quantico, Virginia, a place within 100 miles of Salisbury, Maryland, and was taken before the nearest United States Commissioner, Stanley King, in Alexandria, Virginia. The removal hearing was postponed by the Commissioner to February 13, to allow defendant to obtain counsel, and defendant was released on his personal preliminary appearance bond in the amount of $5,000. On February 10, defendant was advised that the preliminary hearing

had been postponed to February 20 at the request of the government.

On February 14, the Grand Jury for the District of Maryland returned an indictment against defendant, a copy of which was mailed to him the next day. This court issued a bench warrant on the indictment, setting bail at $5,000 and directing that defendant be released on his own recognizance; that warrant was sent to the Marshal at Alexandria.

Defendant appeared with counsel before Commissioner King in Alexandria on February 20. The United States Attorney introduced a certified copy of the indictment; defendant admitted that he was the person charged therein; but his counsel objected to defendant being held to answer the charge on the ground that the "preliminary hearing had been continued at the request of the government and the defendant indicted in the meantime, and therefore there was no preliminary hearing afforded defendant". The Commissioner held defendant to answer in this court, and fixed bail at $5,000, no surety required. A court appearance bond in that amount was promptly filed.

## Discussion

Defendant concedes that prior to the adoption of the Federal Rules of Criminal Procedure in 1946, the Supreme Court had held that a preliminary hearing was not a constitutional right. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501; United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875. He argues however, that a preliminary hearing has now become such an integral part of federal criminal procedure that it has assumed a constitutional stature. He cites no cases in support of this contention, and I have found none. Since the adoption of the Rules, as before: "The only purpose of a preliminary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury; and, after a bill of indictment has been found, there is no occasion for such hearing." Barber v. United States, 4 Cir., 142 F.2d 805, 807, Parker, C. J., certiorari denied 322 U.S. 741, 64 S.Ct. 1054, 88 L.Ed. 1574; Butler v. United States, 4 Cir., 191 F.2d 433, 438; Tate v. United States, D.C.Cir., 283 F.2d 377.

Rule 40(a) provides: "If a person is arrested on a warrant issued upon a complaint in a district other than the district of the arrest but in the same state, or on a warrant issued upon a complaint in another state but at a place less than 100 miles from the place of arrest, or without a warrant for an offense committed in another district in the same state or in another state but at a place less than 100 miles from the place of the arrest, he shall be taken before the nearest available commissioner or other nearby officer described in Rule 5(a); preliminary proceedings shall be conducted in accordance with Rule 5(b) and (c); and if held to answer, he shall be held to answer to the district court for the district in which the prosecution is pending, or if the arrest was without a warrant, for the district in which the offense was committed. If such an arrest is made on a warrant issued on an indictment or information, the person arrested shall be taken before the district court in which the prosecution is pending or, for the purpose of admission to bail, before a commissioner in the district of the arrest in accordance with provisions of Rule 9(c) (1)."

Since on February 20 an indictment had been filed and a bench warrant issued on that indictment, the case may properly be considered as coming within the last sentence of Rule 40(a); no hearing of any sort was required, but the defendant was taken before a commissioner in the district in which he was arrested, and was admitted to bail in accordance with the provisions of Rule 9(c) (1). See Butler v. United States, 4 Cir., 191 F.2d 433, 438.

Even if the case be considered as coming within the first part of Rule 40(a), because the original arrest had been on a warrant issued on a complaint, Rule 5(b) and (c) did not require the government to produce its witnesses for confrontation and cross-examination by de-

fendant under the circumstance which obtained on February 20. As we have seen, the purpose of a preliminary hearing is to determine whether there is probable cause for holding a defendant for action by a grand jury. Barber v. United States, supra. In the instant case defendant was not being held in custody at all, and the grand jury had already indicted him.

"There is no requirement that having initiated the prosecution by means of a complaint pursuant to Rule 5 of the Federal Rules of Criminal Procedure, the Government must proceed with the hearing before presenting evidence to the Grand Jury." United States v. Vasquez, S.D.N.Y., 25 F.R.D. 350, Weinfeld, J. Moreover, the indictment itself is a sufficient showing of probable cause.[1]

■ If a defendant is held in custody for an unreasonable length of time without a hearing, he may move for relief under Rule 12, F.R.Crim.P., or possibly he may apply for a writ of habeas corpus; but he is not entitled to have the indictment dismissed unless the delay is so great as to amount to a denial of a speedy trial.[2] The defendant in the instant case was not held in custody, he was released on his personal bond. The hearing was postponed for one week at his request; the second postponement, also of one week, was at the request of the government. The indictment was filed during the second week. There was no unreasonable delay, and even if it be assumed that the postponement was requested by the government so that it

could present the evidence once—to the grand jury—and not twice—once to the commissioner and again to the grand jury—no right of the defendant was violated.

■ "The Commissioner is a judicial officer. He has a right, for good cause shown, to grant a continuance of a hearing, either at the request of Government counsel or at the request of the defendant. The fact that the hearing is continued does not bar the United States Attorney from proceeding before the Grand Jury in the meantime and if the Grand Jury finds an indictment, no purpose remains for conducting the preliminary hearing before the committing magistrate." United States v. Gray, D.D.C., 87 F.Supp. 436, at page 438, Holtzoff, J.

This case is very different from Lloyd v. United States, 104 U.S.App.D.C. 48, 259 F.2d 334, where the prisoner remained in jail some five weeks without either a commissioner or a grand jury passing upon the sufficiency of the evidence to warrant his detention. Defendant has never been confined, is now on bail, and he had a prompt determination of probable cause by the grand jury. He is not entitled to have the indictment dismissed.

Nor do the facts require that defendant be given the right to examine the minutes of the grand jury. United States v. Vasquez, supra.

### Order

The motion is hereby denied.

1. There was no need for a judge to sign a warrant of removal, as there is when a defendant is arrested in a "distant district" and Rule 40(b) applies. Even in such a case the indictment itself is a sufficient showing of probable cause. Hem-

ans v. Matthews, D.C., 6 F.R.D. 3; United States v. Provoo, S.D.N.Y., 16 F.R.D. 341.

2. For an extreme case see Ex parte Provoo, D.Md., 17 F.R.D. 183, affirmed 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761.