**Louis Y. WILSON, Petitioner,**

v.

**Sam ANDERSON, Respondent.**
**Misc. 2269.**

United States Court of Appeals
District of Columbia Circuit.

April 30, 1964.

Before BAZELON, Chief Judge, and FAHY and BASTIAN, Circuit Judges, in Chambers.

PER CURIAM.

On consideration of petitioner's petition for leave to prosecute an appeal without prepayment of costs, of respondent's opposition thereto, and petitioner's reply, it is

ORDERED by the court that petitioner's aforesaid petition is hereby denied.

BAZELON, Chief Judge, would grant petitioner's petition.

Each Judge reserves the right to file a statement of his views.

---

Before FAHY, Circuit Judge, in Chambers.

### ORDER

On further consideration of petitioner's petition for leave to prosecute an appeal from an order of the District Court denying a petition for writ of habeas corpus filed after indictment but prior to trial, without prepayment of costs, and now being informed that subsequent to the order entered herein on April 30, 1964, denying said petition for leave to appeal, he was convicted on June 1, 1964, in Criminal Case No. 5–64 in the District Court, the Clerk is hereby directed to add the following statement on the aforesaid order of April 30, 1964:

Circuit Judge FAHY'S denial of the petition is without prejudice to consideration of the issue in question upon appeal from the conviction which has since occurred.

June 10, 1964.

---

Statement of Chief Judge BAZELON In Relation to Petition for Leave to Prosecute Appeal without Prepayment of Costs

---

Filed: April 30, 1964

BAZELON, Chief Judge.

Because Louis Wilson was without funds to provide bail, he has been in jail ever since his arrest on November 28, 1963. Twenty-four hours after his arrest, he was taken before the United States Commissioner, but the proceeding before the Commissioner was continued from time to time thereafter and was dismissed shortly after he was indicted on January 6, 1964. The trial in the District Court is now scheduled for May 5, 1964.

On January 7, 1964, Wilson petitioned for habeas corpus alleging that he was arrested and detained without probable cause and that he was unlawfully denied a preliminary hearing. Upon respondent's answer that the arrest could be challenged at trial and that the complaint of the denial of a preliminary hearing had been mooted by the return of the indictment, the District Court dismissed the petition, without hearing or findings. It also denied Wilson's request for leave to appeal in forma pauperis. He renews this request in the present petition before this court. I think we are bound to grant it since the appeal presents questions which are not plainly frivolous. Cf. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

These facts are undisputed: Petitioner requested an immediate hearing when he was brought before the Commissioner on November 29, 1963—a full day after his arrest. Because "no Assistant United States Attorney was present,"[1] the Commissioner indicated that he would continue the hearing to December 3, 1963, when witnesses would be present for the preliminary hearing for Wilson's co-defendant. But since petitioner's counsel found that date unsatisfactory, the case was continued to December 10, when it was further continued, without objection, to December 17 at the request of the defendant.

The Commissioner's record of the proceedings on December 17 shows the following:

Dec. 17: AUSA Schaffner—Govt. advised Def. that Mr. Kaiser [defendant's counsel] this date told U. S. Comm—he was out of case—Def. stated he knew this—that he did not want any counsel and req. a hearing now—Govt. req. continuance to after 1st of year—matter has been heard by a grand jury—Case Ctd. to Dec. 24—if no return by G.J. before 24th—that

---

1. Government's opposition to the present petition.

Def. would be given a hearing on 24th.[2]

Although petitioner was not indicted by December 24, he refused to proceed with the hearing on that day because (1) none of the complainants was present, and (2) no stenographic reporter was present to record the proceedings. After being advised that the Government was ready and that the Commissioner had no authority to obtain a reporter for him, he persisted in his refusal and the hearing was continued to January 14, 1964. The proceedings were dismissed as moot on January 10 following return of the indictment on January 6.

Every arrested person has "the right not to be held in the absence of a finding by the Commissioner of probable cause that he has committed an offense." Giordenello v. United States, 357 U.S. 480, 484, 78 S.Ct. 1245, 1249, 2 L.Ed.2d 1503 (1958). Continued constraint of a citizen without such a finding is a deprivation of liberty without due process of law, in violation of the Fifth Amendment.

Petitioner was arrested by authority of a warrant issued under Rule 4 of the Rules of Criminal Procedure and implementing rights guaranteed by the Fourth and Fifth Amendments. The warrant commanded the police to "bring him forthwith before the nearest available United States Commissioner to answer to a complaint charging him with [robbery] * * *." After an unexplained 24-hour delay he appeared before the Commissioner for the "judicial proceeding * * to decide between the informer or prosecutor and the accused on the preliminary question of his temporary restraint." Wood v. United States, 75 U.S.App. D.C. 274, 279–280, 128 F.2d 265, 270–271, 141 A.L.R. 1318 (1942). But no "informer" was presented to meet the evidentiary burden necessary to continue the detention of the accused, and no "prosecutor" appeared even for the purpose of requesting a continuance. In view of petitioner's inability to obtain bail, a request for continuance could properly be granted only for the minimal period required to secure the attendance of necessary witnesses.[3] It was clearly improper to delay the hearing four days for the purpose of awaiting a hearing scheduled for another.[4]

At the proceedings on December 17, the defendant requested an immediate hearing. The Commissioner nevertheless granted a seven-day continuance at the Government's request based on its statement that the matter had been presented to the grand jury. It seems clear that the failure to afford petitioner a hearing at that time rendered his deten-

2. The Government's opposition describes this entry as follows: " * * * the petitioner requested a hearing without counsel. The Government, however, requested a continuance because the matter had already been presented to the grand jury, and an indictment was expected within a short time. Counsel for the Government suggested that the case be continued until after the first of January. The Commissioner, however, granted a continuance for only one week, until December 24. The petitioner was advised that if an indictment had not been returned by December 24, he would be given a preliminary hearing on that date."

3. "Rule 5(c), Fed.R.Crim.P., 18 U.S.C.A., requires a United States Commissioner, unless preliminary examination is waived, to proceed with this important inquiry and hearing 'within a reasonable time.' And the purpose of preliminary hearing is such that 'a reasonable time' must be a short time." Lloyd v. United States, 104 U.S.App.D.C. 48, 49, 259 F.2d 334, 335 (1958), (Statement of three judges on petition for rehearing en banc), cert. denied, 359 U.S. 912, 79 S.Ct. 593, 3 L. Ed.2d 578 (1959).

No reason is shown why the witnesses could not have been contacted during the 24-hour detention preceding presentment.

4. Compare, Manual for United States Commissioners (Prepared 1943, revised 1948), p. 11:
"* * * the detainer of a defendant, who when presented demands an immediate hearing, may not properly be prolonged merely for the convenience which may result if his hearing should eventually be consolidated with that of other defendants who may subsequently be arrested and presented on the same charge."

tion illegal and would require his release on habeas corpus.[5]

The Government says, in effect, that since petitioner refused the hearing offered on December 24, 1963, he may be deemed to have waived it. One of the reasons petitioner offered for his refusal was that the Commissioner denied his request for a court reporter. The Commissioner stated that he had no authority to request a reporter.[6] But the Manual for United States Commissioners shows that he was in error:

"In all cases in which the defendant does not waive hearing, a record should be made of the testimony and proceedings taken at the hearing. Either the defendant or the prosecution, if they so elect, may employ, at their own expense, a stenographer to take the testimony under oath, and make a verbatim record of the proceedings. Occasionally, when he is not otherwise occupied in recording proceedings in court or before the judges, or pursuant to their order, the regular official court reporter appointed by the Court under U.S.C., Title 28 (1948 Revision), § 753, may be available, and, with the consent of the judge, he may be called upon to make the necessary record without charge to the parties * * *." [p. 10][7]

This directive would appear to mean that an accused who can afford it has an absolute right to a stenographic reporter, while an accused who cannot afford it has only a "catch-as-catch-can" right. But such an invidious discrimination between rich and poor would raise serious questions of fundamental fairness. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962). In any event, it is plain that Wilson's refusal to proceed without a reporter

5. Cf. George Hart, Jr. v. Reid, Habeas Corpus 18-62, Writ sustained and petitioner released, Jan. 17, 1962 (D.D.C.).

James v. Lawrence, 84 U.S.App.D.C. 355, 176 F.2d 18 (1949), is distinguishable on its facts. See the statement of three judges on the petition for rehearing en banc in Lloyd v. United States, 104 U.S.App.D.C. 48, 259 F.2d 334 (1958), cert. denied, 359 U.S. 912, 79 S.Ct. 593 (1959). Moreover, the decision in James is questionable in light of more recently developed doctrine governing arrests and post-arrest procedures. See, e. g., Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245 (1958); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479 (1957); Killough v. United States, 114 U.S.App.D.C. 305, 315 F.2d 241 (1962); Ginoza v. United States, 279 F.2d 616 (9th Cir. 1960); Report and Recommendations of the Commissioners' Committee on Police Arrests for Investigation (District of Columbia 1962); Proposed Amendments to Rules of Criminal Procedure, Second Preliminary Draft, Rules 4, 5, 44, 46, 46.1, 1964 U.S.Code Cong. & Admin.News, Pamphlet No. 6, pp. 805-06, 832-33, 834-36. And see Drew v. Beard, 110 U.S.App.D.C. 198, 290 F.2d 741 (1961).

6. There having been no request for subpoenas, petitioner's objection to the absence of the complainants could properly have been raised only upon a challenge of the sufficiency of the evidence after presentation of the evidence. However, I note the following: Since Rule 5 guarantees the right of cross-examination at preliminary hearings, the question arises whether the rules concerning hearsay testimony are relevant. See WIGMORE, EVIDENCE §§ 1362, 1367 (3d ed. 1940). If so, it may be improper for the material witnesses to "testify" at the hearing only through the hearsay testimony of the arresting police officer. See Manual for United States Commissioners, p. 10: "Probable cause is *competent evidence* which induces a reasonable ground for the inference that the charges may be well founded." (Emphasis supplied.)

7. My inquiry showed that 21 official court reporters are located in the courthouse which houses the United States Commissioner for the District of Columbia.

may not be deemed a waiver of a preliminary hearing.

The Government appears to argue that the return of the indictment moots the issue of probable cause and hence legitimates petitioner's detention. Violations of rights safeguarded by the Constitution and Rules of Court should not lightly be buried under claims of mootness. This is especially true where, as here, there is danger that the violations may occur so frequently that the interests of the general public, as well as the individual petitioner, are directly at stake.[8]

Since a court cannot retroactively prevent an unreasonable search or an unlawful period of police detention, the ordinary means of vindicating Fourth Amendment and Rule 5(a) rights is to exclude evidence derived from their violation. But denial of the right to confront witnesses in a preliminary hearing and refute evidence on probable cause does not directly result in evidence and therefore presents a difficult question of remedies.[9] The fact that there is no right to confront and refute the witnesses in the secret ex parte proceedings of a grand jury accentuates the critical nature of the right to confront them when the criminal process is begun by an arrest. It seems clear to me that the question how to vindicate this critical right is not frivolous and requires thorough consideration in the exercise

of our supervisory power over the processes of criminal justice. I therefore dissent from the order of the Court denying Wilson's petition for leave to appeal in forma pauperis.

---

8. Compare Southern Pacific Terminal Co. v. Interstate Commerce Comm., 219 U.S. 498, 515–516, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

9. It may be that petitioner's present incarceration directly results from denial of this right. He alleges that there was a mistake in identification when he was accused. If he had been able to establish such a mistake in a preliminary hearing, discrediting all the Government witnesses, he might have precluded their use in good faith before the grand jury and thus, as he says, "avoid confinement and even the stigma of indictment." Moreover as a by-product of the preliminary hearing, a defendant is able to fix

the testimony both for and against him while it is fresh, and, in certain cases, to discover details of the case against him. Thus even a belated hearing after indictment may not be an empty gesture. Compare United States v. Langsdale, 115 F.Supp. 489 (W.D.Mo.1953), appeal dismissed, 209 F.2d 955 (8th Cir. 1954). There the hearing before the Commissioner was continued several times; the grand jury met and returned an indictment in the meanwhile; and a hearing before the Commissioner was held *after the indictment*. At the hearing, defendant's examination of the complainant revealed facts which provided a basis for dismissal of one count of the indictment in a later motion before the District Court.