Samuel Henry GRACE, III, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21067.

United States Court of Appeals Ninth Circuit.

March 21, 1967.

---

Ernest Chico McGary, pro se.

Earl Faircloth, Atty. Gen., James G. Mahorner, Asst. Atty. Gen., David U. Tumin, Asst. Atty. Gen., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

Maurice Stern, Tucson, Ariz., for appellant.

William P. Copple, U. S. Atty., Jo Ann D. Diamos, Laurence Turoff, Asst. U. S. Attys., Tucson, Ariz., for appellee.

Before JONES, Judge, Court of Claims, and BARNES and JERTBERG, Circuit Judges.

PER CURIAM:

Appellant Grace was originally convicted on October 26, 1962, of a Dyer Act violation in Nebraska (transporting a stolen motor vehicle in interstate commerce). He was placed on probation, which probation was revoked on December 4, 1964, and appellant was placed in the custody of the Attorney General. The Bureau of Prisons, acting on behalf

of the Attorney General, placed appellant at first in a Federal Reformatory at El Reno, Oklahoma, and then in a "Federal Youth Camp" at Tucson, Arizona. On November 13, 1965, appellant was a member of a "field tour," transported by bus from the Youth Camp to the University of Arizona under the supervision of a "recreation officer," to observe a football game between the Arizona and the United States Air Force teams. After the game, upon boarding the bus to return to the camp, appellant was found missing. He was subsequently picked up by the Winslow, Arizona, police department, and while detained there, asked to speak to an F.B.I. agent. He then admitted he had escaped the custody of the Youth Camp.

Appellant was indicted for such escape (18 U.S.C. § 751), was tried without a jury, convicted, and sentenced to three years imprisonment, *concurrent to his existing sentence under the Dyer Act.*

Appellant specifies but one error on this appeal, namely, that once a preliminary hearing is commenced before a United States Commissioner there can be no grand jury indictment of a prisoner. No authority for this rule of law has been submitted to us.

Appellant relies upon (but miscites) United States v. Universita, 192 F.Supp. 154 (S.D.N.Y.1961). In that habeas corpus case, preliminary examination had been continued at the government's request, and an indictment thereafter returned. The writ, requested on the basis the defendant had been denied a preliminary examination, was denied; the court ruling (contrary to appellant's position here) that "[t]he action of the grand jury * * * superseded and eliminated the need for a preliminary examination." Id. at 155.

Appellant's position was rejected in United States v. Gray, 87 F.Supp. 436, 437 (D.C.1949), where Judge Holtzoff stated: " * * * [T]he Grand Jury had a right to hear the evidence presented against this defendant and find the indictment against him, irrespective of whether a preliminary hearing had or had not been held." Cf. also: United States v. Brace, 192 F.Supp. 714 (D.Md. 1961).

This appeal approaches the frivolous. Appointed counsel may be congratulated for excessive zeal on behalf of his client, but no more.

Affirmed.