U. S. ex rel. Susan WHEELER, Petitioner,

v.

Walter J. FLOOD, Warden, Nassau County Jail and Joseph Hoey, U. S. Attorney, Respondents.

U. S. ex rel. Robert WYLER, Petitioner,

v.

Walter FITZPATRICK, Warden, Federal House of Detention and Joseph Hoey, U. S. Attorney, Respondents.

Nos. 67 Civ. 487, 67 Civ. 488.

United States District Court
E. D. New York.

June 1, 1967.

---

12. In discussing the plaintiff's contentions we also used the term "subsided" at p. 571.

195

Michelman & Michelman, New York City, for petitioners; Harvey J. Michelman, New York City, of counsel.

Joseph P. Hoey, U. S. Atty. for Eastern District of New York, for respondents; Raymond Bernhard Grunewald, Asst. U. S. Atty., of counsel.

WEINSTEIN, District Judge.

Petitioners—as yet unindicted though in federal custody—seek a writ of habeas corpus in order to compel a United States Commissioner to hold a preliminary examination pursuant to subdivision (c) of Rule 5 of the Rules of Criminal Procedure. For the reasons set out below, if such a hearing is not granted forthwith, petitioners are entitled to be released.

Petitioner Susan Wheeler has been in custody since her arrest on May 12, 1967, pursuant to a warrant issued upon a detailed sworn complaint. She was charged with conspiring to illegally import narcotic drugs. 21 U.S.C. § 174 (illegal importation of narcotic drug into United States); 26 U.S.C. § 4704(a) (sale of untaxed narcotic). She was brought before a Commissioner that day. Represented by counsel she demanded an immediate preliminary examination. Charged with the same conspiracy, petitioner Robert Wyler has been in custody since May 17, 1967; he appeared before a Commissioner on May 18, 1967 when his counsel also sought such an examination.

At the request of the United States, the Commissioner set June 5, 1967 in both cases for preliminary examination —some three and one-half weeks after Wheeler's arrest and two and one-half weeks from Wyler's arrest. The adjournment was sought, in the words of the Assistant United States Attorney prosecuting the two cases, "to allow me sufficient time to gather up my evidence in a presentable form." Bail was set for $25,000 for each petitioner but they have remained in custody.

On May 22, 1967, petitioners obtained an order to show cause, returnable May 24th, why a writ of habeas corpus should not issue in view of the failure to provide a preliminary examination. The next day, May 23rd, the United States Attorney began presenting evidence in the matter to the Grand Jury.

Defendants' position is that subdivision (c) of Rule 5 requires a preliminary examination "within a reasonable time" after an accused is brought before the Commissioner; and that, having been in jail for more than a week unable to raise bail, more than a "reasonable time" has elapsed. The portion of the Rule they rely upon reads as follows:

"* * * *If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time.* The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. * * * *" (Emphasis supplied.)

The Assistant United States Attorney argues that in good faith he sought an adjournment of the preliminary examination until June 5 and that subsequent events permitted him to proceed earlier before the Grand Jury. He declares that inasmuch as the "hearing date had been fixed by the United States Commissioners," he had "not the right to advance the date" nor did he have an obligation to let the defendant know that the United States was in fact prepared to present evidence to the Commissioner. He also points out that he "freely" offered the defendant the right to appear before the Grand Jury and that an immediate hearing before the Commissioner would place "a burden upon me which is unfair." In his view the evidence already presented to the Grand Jury "would be more than sufficient to warrant the return of an indictment even as of this moment" and it was sufficient to require the Commissioner to find probable cause. In addition, he states, "if these people are released, I fear for the safety of several people."

While the argument was not made on behalf of the United States, it might have been added that in this case the government was following a widespread practice "of delaying preliminary hear-

ing until an indictment can be obtained." 8 Moore's Federal Practice, ¶ 5.04[3]; Professor Younger, Statement at Hearings before the Senate Subcommittee on Improvements in Judicial Machinery of the Committee on the Judiciary, U. S. Senate, 89th Congress, Second Session, on The U. S. Commissioner System, February, 1966, p. 220 ("prosecutors * * * do everything within their power to avoid preliminary hearings"). Most courts have felt compelled to deny relief on the ground that the issue of delay was mooted by indictment. *Compare* Grace v. United States, 375 F.2d 119 (9th Cir. 1967) (failure to complete preliminary examination irrelevant in view of indictment); Crump v. Anderson, 122 U.S.App. D.C. 173, 352 F.2d 649 (1965) (after indictment no need to determine probable cause since Grand Jury has done so); Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1965), cert denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965) (following trial, dismissal of indictment refused); Wilson v. Anderson, 118 U.S.App.D.C. 265, 335 F.2d 687 (1964), cert. denied, 381 U.S. 927, 85 S.Ct. 1564, 14 L.Ed.2d 685 (1965) (prior to trial but subsequent to indictment, writ of habeas corpus denied); Lloyd v. United States, 104 U.S.App.D.C. 48, 259 F.2d 334 (1958), cert. denied, 359 U.S. 912, 79 S.Ct. 593, 3 L.Ed.2d 578 (1959) (judgment affirmed subsequent to trial); United States v. Motte, 251 F.Supp. 601 (S.D.N.Y.1966) (motion to enjoin United States from moving for pleading indictment until preliminary examination denied); United States v. Universita, 192 F.Supp. 154 (S.D.N.Y. 1961) (petition for habeas corpus denied where indictment found during three week delay); United States v. Brace, 192 F.Supp. 714 (D.Md.1961) (motion before trial to dismiss indictment denied); United States v. Cowan, 37 F.R.D. 215 (S.D.N.Y.1965) (motion to quash indictment and suppress evidence denied) *with* Dancy v. United States, 124 U.S.App.D.C. 58, 361 F.2d 75 (1966) (indictment and conviction did not cure denial of counsel at preliminary examination if prejudice resulted from lack of discovery opportunities; new trial ordered); Holmes v. United States, 370 F.2d 209 (D.C.Cir. 1966) (*Dancy* followed; hearing to determine prejudice ordered).

Part of the prosecution's attitude undoubtedly stems from its view that both preliminary examinations and Grand Jury indictments serve equally to assure that an accused is being held on probable cause—a main purpose of our criminal pretrial machinery. But from the defendant's vantage point—looking forward to a possible trial at which he will have to defend himself—these devices operate quite differently.

■ Rule 5 preliminary hearings require the government to produce evidence—although it is not clear whether it must be admissible at a trial (*Compare* Washington v. Clemmer, 119 U.S.App. D.C. 216, 339 F.2d 715, 724 (1964) (dissenting opinion); Orfield Criminal Procedure under the Federal Rules, 332 (1966) *with* 8 Moore's Federal Practice, Par. 5.04[4])—before a Commissioner, who in this district is an experienced lawyer. The defendant is entitled to have counsel present even if he cannot afford to pay an attorney; the government's witnesses are subject to cross-examination; the defendant has the right to present evidence and to subpoena witnesses. Washington v. Clemmer, supra, 339 F.2d at 725. He may obtain a transcript whether or not he has funds to pay for it. Ibid.; Wilson v. Anderson, 118 U.S.App.D.C. 265, 335 F.2d 687 (1964), cert. denied, 381 U.S. 927, 85 S.Ct. 1564, 14 L.Ed.2d 685 (1965). See also 8 Moore's, supra.

■ At least since the opinion in United States v. Costello, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956), evidence introduced before the Grand Jury need not be admissible at a trial. The defendant cannot be present while evidence against him is received. If he appears, he is not permitted to have counsel with him. He has no opportunity to cross-examine witnesses and the Grand Jury minutes are generally not available to him.

■ Although the primary purpose served by the federal preliminary examination is to insure that there is "probable cause to believe that an offense has been committed" (Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649, 652 (1965); Professor Pye, Statement at Senate Hearings on The U. S. Commissioner System, op. cit., supra, p. 270), in practice this hearing may provide the defense with the most valuable discovery technique available to him. See, e. g., Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894, 901 (1965); 8 Moore's Federal Practice, ¶¶ 5.04[2], 5.04[4]; Speiser, Statement at Senate Hearings on The U. S. Commissioner System, op. cit., supra, p. 211 ("There should be statutory and judicial recognition that one of the prime functions of the U. S. Commissioner hearing is to permit criminal discovery for the accused"). Cf. Weinfeld, The Problems of Long Criminal Trials, 34 F.R.D. 155, 165 (1963) (in Southern District of New York, the practice of holding preliminary hearings has "fallen into disuse * * * there appears to be need for bold and radical revision of our criminal procedures * * * to permit broad discovery in advance of trial"). See also Levin, Chief Judge, U. S. District Court, Eastern District of Michigan, Statement at Senate Hearings on the U. S. Commissioner System, op. cit., supra, December, 1965, p. 164 ("practical purpose of a hearing is to provide a means for defense counsel to ascertain the Government's evidence"; court provides informal discovery procedure in lieu of preliminary examination). Nevertheless, many defense counsel prefer to waive preliminary hearings since they may harden and preserve the government's case. Paulsen and Kadish, Criminal Law and its Processes, pp. 918–920 (1962).

Under the Federal Rules the choice of waiver is the defendant's, not the government's. Upon a defendant's demand, a hearing is required within a "reasonable time." While some delay is envisaged (see, e. g., United States v. Gray, 87 F. Supp. 436, 438 (D.D.C.1949)), the hearing cannot, as in this case, be put off for weeks. It is significant that the Task Force on Administration of Justice of the President's Commission on Law Enforcement and Administration of Justice recently declared: "If the defendant is jailed, the preliminary hearing should be held within 72 hours." p. 85 (1967). The Task Force suggested a maximum of seven days delay where the defendant is not in custody. Ibid. The New York system—which, in many respects seems more protective of defendant's rights prior to trial than does the federal system —limits adjournments of the preliminary examination to 48 hours. N. Y. Code of Criminal Procedure, § 191.

■ It was unreasonable in this case to delay a preliminary hearing for incarcerated accuseds beyond the time the United States was prepared to present the matter to the Grand Jury. Should the United States Attorney ask for an adjournment of the preliminary examination on the ground that he is not prepared to proceed with the hearing, he should assume the obligation to inform defense counsel when he is ready. He should then cooperate in arranging for the examination as promptly as possible.

■ At the insistence of the defendant, the preliminary hearing of a defendant brought before a Commissioner prior to indictment should take place before, or simultaneously with, presentment to the Grand Jury unless, of course, the Grand Jury is operating independently of the United States Attorney—a circumstance most rare. Cf. Orfield, Criminal Procedure under the Federal Rules, 256 (1966) ("court may proceed with a preliminary examination even though a grand jury is in session"). Inconvenience to the prosecutor is never an excuse for denying the preliminary examination. Inconvenience to witnesses can be minimized. "Where the preliminary hearing serves as a discovery device, presentment of the case to the grand jury on the same day as the preliminary hearing would avoid bringing the witnesses to the courthouse twice." Task Force on Administration of Justice, The

President's Commission on Law Enforcement and Administration of Justice, 85 (1967).

Accordingly, Susan Wheeler and Robert Wyler are ordered released from custody unless a hearing is held today, May 24, 1967, pursuant to subdivision (c) of Rule 5 of the Rules of Criminal Procedure for the United States District Court.

It is so ordered.