**UNITED STATES of America, Plaintiff,**

v.

**Salvatore DENTICE, Defendant.**

**No. 67–CR–165.**

United States District Court E. D. Wisconsin.

March 29, 1968.

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Joseph P. Balistreri, Milwaukee, Wis., for defendant.

## DECISION ON MOTION TO DISMISS INDICTMENT

JOHN W. REYNOLDS, District Judge.

Before this court is a motion by defendant, Salvatore Dentice, to dismiss the indictment against him. The defendant is charged with forcibly resisting a federal officer in violation of 18 U.S.C. § 111. The motion raises the issue of whether the Government can indict a defendant after he has demanded a preliminary examination and before the preliminary examination has been held.

On October 11, 1967, defendant in this case was arrested. On October 12, 1967, he was brought before a United States Commissioner who set bail. At that time he requested a preliminary examination as provided in Rule 5(c) of the Federal Rules of Criminal Procedure. No date was set for the hearing and defendant was released. On November 14, 1967, no preliminary examination having been held, the Government sought and obtained from the grand jury an indictment against defendant for the crime charged in this case.

In relevant part, Rule 5(c) states:

"The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; * * *."

It is evident from reading this rule, and indeed undisputed here, that the *main* purpose of the preliminary examination is to afford defendants an opportunity to have the question of probable cause determined by an impartial mag-

istrate. Once this same question has been effectively resolved by a grand jury's decision to indict, it has generally been held that the issue of probable cause is moot, and the right to a preliminary examination has lapsed. 8 Moore, Federal Practice 5.04(3). However, as defendant correctly points out on the second page of his brief, "Although the main purpose of a preliminary hearing is to determine probable cause, it would be unrealistic to deny that this hearing serves as a valuable aid in criminal discovery." Thus, to indict a defendant who has not had a preliminary examination is to deprive him of a "valuable aid in criminal discovery" and a right guaranteed him by Rule 5(c).[1]

To support his position, defendant relies chiefly on United States ex rel. Wheeler v. Flood, 269 F.Supp. 194 (E.D. N.Y.1967). In that case, certain persons, not yet indicted, were being held in custody by federal officials. They petitioned the United States District Court for a writ of habeas corpus, demanding that they receive preliminary examinations pursuant to Rule 5(c) or be released from prison. The judge ordered that they be given a preliminary hearing that day or else be released from custody.

Obviously, the *Wheeler* case indicates that the right to a preliminary examination before indictment is not unimportant. But ordering unindicted prisoners temporarily released from custody is a far cry from dismissing an indictment against defendant here. Thus, the *Wheeler* case offers only the most indirect support for defendant's position. It clearly does not stand for the proposition that indictment of a prisoner who has demanded preliminary examination without the examination having been held requires dismissal of the indictment.

Far more closely in point is Sciortino v. Zampano, 385 F.2d 132 (2d Cir. 1967). In that case, petitioner sought a writ of mandamus from the Court of Appeals directing the district court to order the United States Commissioner to conduct a preliminary examination pursuant to Rule 5(c). The court denied the writ, saying at pages 133–134:

> "Petitioner's principal contention is that the preliminary examination provided by Rule 5(c) of the Federal Rules of Criminal Procedure is intended to serve as a means of discovery for the accused as well as a forum for determining probable cause, so that the need for such an examination is not eliminated by the return of an indictment.
>
> \*     \*     \*     \*     \*
>
> "We cannot agree to elevating into a right to be enjoyed by an accused the pure fortuity that where a preliminary hearing is held there is necessarily some discovery of the government's evidence. \* \* \* discovery is *not* one of its purposes. \* \* \*
>
> " \* \* \* It is most unlikely that having provided carefully for a limited discovery in Rules 7(f), 16 and 17.1 the draftsmen intended that the discovery adventitiously attached to the preliminary hearing should constitute a further right of the accused."

Basically, this court agrees with the reasoning of the *Sciortino* case but wishes to add three additional thoughts that influence the decision here.[2] First, federal law and the Federal Rules of Criminal Procedure provide defendants

---

**I.** In its brief on this motion, the Government suggested that responsibility for scheduling a preliminary examination rests on the defendant's attorney and on the United States Commissioner. However, it is clear to this court that defense counsel cannot reasonably be expected to press for the prompt scheduling and completion of the steps prerequisite to the conviction of his own client and, accordingly, that the Government cannot so easily wash its hands.

**2.** Forcibly resisting a federal officer (18 U.S.C. § 111) is a crime punishable by "imprisonment for a term exceeding one year," and hence *must* be prosecuted by indictment unless indictment is waived. Rule 7(a), Federal Rules of Criminal Procedure.

with opportunities for pretrial discovery without resort to the preliminary examination. Second, the preliminary examination procedure dates back at least to the promulgation of the Federal Rules of Criminal Procedure in 1945, a time when federal grand juries met far less frequently and regularly than today. Thus, the preliminary examination served the purpose of obtaining a speedier determination of probable cause than would otherwise be possible. Third, recent decisions in the District of Columbia Circuit suggest, contrary to earlier precedent, that the *Sciortino* approach to this question will be favored. Compare Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F. 2d 649 (1965), with Wilson v. Anderson, 335 F.2d 687 (D.C.Cir.1964), and Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964).

It is therefore ordered that the motion of the defendant to dismiss the indictment against him must be and it hereby is denied.